[S. F. No. 5865.   Department One.—September 6. 1912.]

PERCY L. BURR, Appellant, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Respondent.

PRACTICE—NONSUIT WHEN IMPROPERLY GRANTED.—A motion for nonsuit should not be granted where there is any substantial evidence which, with the aid of all legitimate inferences favorable to the plaintiff, would support a verdict or finding that all the material allegations of the complaint are true.

ID.—NEGLIGENCE WHEN QUESTION OF FACT OR LAW.—Negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be drawn therefrom. It is only where the evidence is such that but one conclusion with respect to negligence could be reached by a reasonable and impartial man that the question becomes one of law for the court.

ID.—NEGLIGENT SPEED OF CARS.—In the absence of an ordinance or a law limiting the rate of speed at which cars may travel, no particular rate may be said to be negligent *per se*. In any case, the circumstances may be such as to authorize the jury to determine that, under the circumstances shown, the speed employed was excessive.

ID.—COLLISION OF ELECTRIC STREET-CAR WITH AUTOMOBILE—AUTO-
MOBILE STALLED ON TRACK AT HIGHWAY CROSSING—EXCESSIVE
SPEED OF CAR—FAILURE TO SLACKEN SPEED.—In an action against
an electric street railroad company to recover for the alleged negli-
gent destruction of an automobile as the result of a collision with
one of its cars, it was error to grant a nonsuit, where the evidence
showed that at the time of the collision the automobile was stalled
on the crossing of the railroad track and the public highway, at a
point where repairs were being made, and that the motorman,
although he saw the automobile erratically moving on the track, when
a considerable distance from it, continued to approach at a speed
of twenty-five miles an hour, and did not slacken his speed until he
was actually upon the automobile. Under such circumstances, the
question of the defendant's negligence either in running its car at
an excessive speed, or by the failure of its motorman to slow down
as soon as he should have done, should have been left to the jury.

ID.—PARTNERSHIP—CONFLICTING EVIDENCE AS TO OWNERSHIP OF CAR.—
Where the evidence was conflicting as to whether the automobile was
the individual property of the plaintiff or that of a partnership of
which he was a member, it was error for the court to grant a non-
suit on the ground that it belonged to the partnership. The question
of its ownership was for the jury.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order re-
fusing a new trial. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Humphrey & Hubbard, and William P. Hubbard, for Ap-
pellant.

A. A. Moore, Stanley Moore, Wm. M. Abbott, Wm. M.
Cannon, and Kingsley W. Cannon, for Respondent.

SLOSS, J.—In this action, brought to recover damages for
the alleged negligent destruction by defendant of plaintiff's
automobile, the court, at the close of plaintiff's case, granted
a nonsuit. Plaintiff appeals from the judgment, and from
an order denying his motion for a new trial.

One of the grounds upon which a nonsuit was asked was
"that no negligence has been shown, actionable or otherwise."
The evidence offered by plaintiff tended to show that at a
point on the "Mission Road," a street of the city and county

of San Francisco, the defendant, a street railroad corporation, was repairing its track. The roadbed had been torn up for some distance, and there was a temporary crossing over the tracks for vehicles. On the evening of November 8, 1907, at about seven o'clock, the plaintiff was riding northerly over the Mission Road in his automobile. The plaintiff says that it was dusk, although the time stated by him was about two hours after sunset. On coming to the place where the temporary crossing was, he attempted to cross the defendant's tracks. One of the front wheels of his automobile struck a rail which protruded for some three inches above the surface of the ground. The rail caused the wheel to slip or "skid" sidewise and the automobile failed to get across. Plaintiff made several attempts to get his machine over the track, but each time failed, the machine facing more and more in a direction parallel with the track and toward the north. While the automobile was in this position, it was struck by one of defendant's cars, which was traveling southerly at a rate, as plaintiff testifies, of twenty-five miles per hour. The automobile was lighted, as was defendant's car. While the car was approaching, and when it was about a block away, the plaintiff gave "what is generally known as a railroad stop signal," that is to say, he stood up and threw down his hands. He did not sound his horn. The engine of his automobile was in motion until the collision, and the automobile itself was moving forward or back during the entire time, except for a brief interval. The plaintiff judged that the motorman saw him "from the fact of his furious whistling." The motorman could have stopped when he first saw the plaintiff.

On this testimony, we think the issue of negligence should have been submitted to the jury. It is elementary that a motion for nonsuit is not to be granted where there is any substantial evidence which, with the aid of all legitimate inferences favorable to the plaintiff, would support a verdict or finding that the material allegations of the complaint are true. Equally well settled is the rule that "negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be drawn from the evidence." (*Wahlgren* v. *Market St. R. Co.,* 132 Cal. 656, 663, [62 Pac. 308, 64 Pac. 993]; *Kimic* v. *San Jose-Los Gatos R. Co.,* 136 Cal. 379, [104 Pac. 986].) It is only

where the evidence is such that but one conclusion with respect to negligence could be reached by a reasonable and impartial man that the question becomes one of law for the court.

In the absence of an ordinance or a law limiting the rate of speed at which cars may travel, no particular rate may be said to be negligent *per se.* But, in any case, the circumstances may be such as to authorize the jury to determine that, under the circumstances shown, the speed employed was excessive. Here there is testimony that the defendant's car was being run over a street at the rate of twenty-five miles an hour. It was approaching a point at which the track and roadway were undergoing repair, and where vehicles, properly upon the street, were, or might be, required to cross the track. The testimony justified the inference that the motorman saw the plaintiff's automobile upon the track, but that, notwithstanding, he came on without slackening his speed until he was actually upon the automobile. While plaintiff's machine was in motion during most of the time of the approach of the car, it was not moving in any one direction but was going first forward, then back. It seems clear to us that the jury might reasonably have inferred that an ordinarily prudent man, operating a street-car thus approaching this crossing, would whether he saw any one on the crossing or not, have run at a speed enabling him, in case of need, to bring his car to a stop in a shorter space of time, or else, that he would, upon seeing an automobile moving upon the track in the erratic manner described, have realized the danger of a collision and reduced his speed until he could ascertain whether the automobile would be able to get clear. So inferring, they might properly conclude that the collision was the direct result of the motorman's want of due care in operating his car in the way he did. Certainly it cannot be said that every reasonable man would be bound to conclude, on the facts shown, that the collision was not caused by excessive speed of the car, or by the failure of the motorman to slow down as soon as he should have. If this be so, the plaintiff was entitled to have the question of negligence submitted to the jury.

The only other ground now urged in support of the order granting the nonsuit is that the evidence shows that the automobile was the property of a partnership composed of plaintiff and one Willett, and that therefore the plaintiff had no right

to maintain this action individually. The appellant objects
to any consideration of this ground, for the reason that the
original answer of the defendant failed to set up the alleged
defect of parties plaintiff. · But the court, during the trial,
permitted the defendant to amend its answer by adding this
plea. The facts relating to the defense did not come to the
knowledge of the defendant until the trial, and it cannot be
held that the court abused its discretion in permitting the
amendment. Under our practice, great liberality is to be exer-
cised in allowing amendments to pleadings. The filing, with
the sanction of the court, of the amendment, raised an issue
upon which defendant was entitled to rely in its motion for
nonsuit. It also cured any error that might have been there-
tofore committed in admitting evidence tending to show that
the ownership of the automobile was in the partnership.

But, even though the defense of defect of parties plaintiff
was properly before the court, it could not justify an order
of nonsuit unless the evidence plainly established the truth
of the plea. The most that can be said is that the evidence
on the point is conflicting. There is testimony tending to
show that the automobile was purchased and owned by the
partnership. On the other hand, testimony was introduced
tending to show that the automobile was the individual prop-
erty of Burr, the plaintiff. The conflict, then, was one of
fact to be resolved by the jury, and not to be determined by
the court as matter of law on motion for nonsuit.

The judgment and the order denying a new trial are re-
versed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.