[Sac. No. 2689. Department One.—January 22, 1918.]

In the Matter of the Estate of DANIEL FRASER, Deceased. JAMES ALEXANDER FRASER et al., Appellants, v. WILLIAM LUMBARD, Executor, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—WILL—CONTEST AFTER PROBATE—MENTAL INCOMPETENCY—NONSUIT.—Where on a contest of a will on the asserted ground of mental incompetency of the testator, the court, on the evidence, would have been bound to set aside a verdict in favor of the contestants, it was warranted in granting a nonsuit.

ID.—NONSUIT SUSTAINED.—In a proceeding to set aside a will after probate on the ground of mental incompetency, evidence examined and found so inadequate to show testamentary incapacity as to warrant a nonsuit.

APPEAL from a judgment of the Superior Court of Yuba County. K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

J. H. Morris, and Walter H. Duane, for Appellants.

W. P. Rich, and W. H. Carlin, for Respondents.

SLOSS, J.—The appellants, nephews and nieces of Daniel Fraser, deceased, instituted this proceeding to revoke the probate of Fraser's will. When the contestants had closed their case the respondents moved for a nonsuit, which was granted. The appeal is from the ensuing judgment.

The appellants contend—and this is the only point made— that their evidence would have warranted a finding that the decedent was not mentally competent to make a will. If they are right in so claiming, the nonsuit should not, of course, have been granted. (*Burr* v. *United Railroads,* 163 Cal. 663, 665, [126 Pac. 873] ; *Estate of Ross,* 173 Cal. 178, [159 Pac. 603].) But our reading of the record satisfies us that the evidence in this case, even though it be viewed most favorably to the appellants, was entirely insufficient to show that Fraser did not possess testamentary capacity.

The document in question was executed on February 1, 1910. Daniel Fraser was then about eighty years of age. Until a few years before he had been a farmer, and he had always conducted his business affairs, which were of considerable extent, with prudence and ability. There was no attempt whatever to show his mental condition at the precise time of executing the will. The contestants produced a few witnesses who stated that they considered Fraser mentally weak. The reasons given were, however, so unsatisfactory as to leave the opinions themselves without weight or value. The effect of this testimony was that Fraser had, for many years, been in the habit of drinking intoxicants to excess. When he was under the influence of liquor, his mental operations were not entirely normal. But there was nothing to indicate that his mental soundness was impaired when he was not intoxicated, and contestants made no effort to prove that he was not sober at the time when he executed the will.

With the exception of the testator's intemperate habits, the circumstances relied on to support the claim of incapacity are trivial. One of the contestants based his opinion of the testator's want of mental soundness on the grounds that Fraser spoke, with apparent appreciation, of the physical characteristics of women, that he told the witness that he did not drink, and requested the witness not to tell anyone that he did. This witness also stated that Fraser sometimes would tell a story, and would repeat it at a later time. The time of these occurrences, relative to the date of the will, was not fixed with any clearness, and the facts themselves were insignificant. A second witness could not specify any reason for doubting Fraser's sanity beyond the circumstance that the testator had disputed his word. The instances of peculiar conduct testified to by the other witnesses were equally unimportant. Besides, they all seem, on a fair consideration of the testimony, to have occurred when the deceased was in his cups.

This court has so frequently defined the measure of mental competency requisite to the making of a will that it is unnecessary to do more than refer to a few of the cases. (*Estate of Motz*, 136 Cal. 558, 562, [69 Pac. 294]; *Estate of Morey*, 147 Cal. 495, 503, [82 Pac. 57]; *Estate of Huston*, 163 Cal. 166, [124 Pac. 852]; *Estate of Purcell*, 164 Cal. 300, [128 Pac. 932].) The evidence which we have outlined was

entirely inadequate to show that Fraser did not fully under-'
stand and carry in mind "the nature and situation of his
property and his relations to his relatives and those around
him," or that he was not "capable of understanding the act
he was doing, and the relation in which he stood to the objects
of his bounty," or that he was subject to any delusion "which
might lead him to dispose of his property otherwise than
he would if he knew and understood what he was doing."
(*Estate of Motz, supra.*)    The court would have been bound
to set aside a verdict in favor of the contestants.    It was,
therefore, warranted in granting a nonsuit.

The judgment is affirmed.

Shaw, J., and Richards, J., *pro tem.*, concurred.