[Civ. No. 4502.   Second Appellate District, Division One.—December 21, 1923.]

## EFFIE McFEELY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

[1] WORKMEN'S COMPENSATION ACT — EVIDENCE — LETTERS AND REPORTS OF EXPERTS—WAIVER OF OBJECTION.—Where letters and reports of physicians and X-ray specialists to whom had been submitted a history of the decedent's case and who had examined X-ray pictures of different parts of decedent's anatomy, taken before his death, are introduced in evidence, on a hearing before the Industrial Accident Commission, without objection from the applicant (the surviving spouse) and without any request on her part to cross-examine the authors of such letters and reports, the objection that such letters and reports were incompetent cannot be taken advantage of by her on a proceeding in *certiorari* to review the award of the commission.

[2] ID.—COMPETENT EVIDENCE.—On a hearing before the Industrial Accident Commission to obtain an award for the death of an employée, letters and reports of physicians and X-ray specialists to whom had been submitted a history of the decedent's case and who had examined X-ray pictures of different parts of his anatomy, taken before his death, are competent evidence.

[3] ID.—CONFLICT BETWEEN SCIENTIFIC TESTIMONY AND TESTIMONY AS TO FACTS—AWARD—CERTIORARI.—On a hearing before the Industrial Accident Commission, where there is a conflict between the testimony as to facts and the scientific testimony as to the cause of decedent's death, and the commission accepts the latter testimony, its award must be affirmed.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award affirmed.

The facts are stated in the opinion of the court.

Kaye, Siemon & Abel for Petitioner.

Warren H. Pillsbury for Respondent.

CURTIS, J.—Petitioner seeks by this proceeding to have annulled an award of the Industrial Accident Commission of the state of California, the respondent herein, made on the thirteenth day of June, 1923.   Said award was based upon findings of said Commission made on the date thereof,

and thereafter amended by said Commission on August 1, 1923, at which latter date said award of June 13, 1923, was confirmed. Petitioner is the surviving wife of John H. McFeely, deceased. The latter was in the employ of the Federal Construction Company on or about the twentieth day of July, 1922, on which date the Commission finds that he "sustained an injury arising out of and in the course of said employment, consisting of a bruise upon the left side in the region of the tenth rib, from the blow of a short bar." The Commission also found that the employer had legal notice of said injury, but that said injury caused no disability. By finding four, the Commission further found "The employee worked continuously from and after the date of said injury to and including the 30th day of September, 1922, at which time he became ill and was later found to be suffering from metastatic carcinomae of the liver and spine, which condition proximately caused his death on the 30th day of January, 1923, but the evidence herein is insufficient to establish as a fact that said disease or death were in anywise proximately or at all caused or exacerbated by the aforesaid injury."

The proceeding before the Commission was instituted by the said John H. McFeely and Effie McFeely, his wife, on December 8, 1922, for the purpose of obtaining an award for compensation during the period of disability alleged to have been caused by said injury. A hearing therein was held on January 4, 1923, at which time the testimony of the said John H. McFeely and his wife, Effie McFeely, and other witnesses was taken. The further hearing therein was continued for the purpose of securing additional medical testimony and to determine the insurance carried by the said employer. On February 23, 1923, the hearing was resumed before the Commission. In the meantime the said John H. McFeely had died. Prior to his death he had been examined by a number of physicians and X-ray pictures had been taken of his lungs, back, and other parts of his body. His death occurred on January 30, 1923, on which day an autopsy was made by Doctors Veon and McLean. The testimony of one witness at the hearing was taken on February 23, 1923, and a further continuance was then had until March 23, 1923, when a final hearing was held. At this hearing, after the appointment of Mrs. McFeely as the

guardian *ad litem* of her minor children, and an order made joining said children as parties to the proceeding, the two doctors who performed the autopsy gave their testimony, and written reports were received in evidence from a number of other doctors and X-ray specialists, to whom had been submitted the history of decedent's case, together with the X-ray pictures heretofore mentioned and which had been previously taken of the decedent's lungs, back, and other portions of his body.

Doctors Veon and McLean testified at the final hearing that the autopsy showed that decedent's lungs were free from any disease. They found, however, that the second lumbar vertebra had been almost destroyed by a cancer and that the liver was affected by the same diseased condition. They gave as their opinion that the cancer of the vertebra was the result of the blow received by the deceased on July 20, 1922; that it was a primary cancer, while the cancer in the liver was metastatic, that is, it was caused by, and was secondary to, the cancer in the spine. The conclusion of these physicians was that the death of the deceased was directly and proximately the result of the injury received by him on July 20, 1923.

On the other hand, the other physicians and X-ray specialists to whom had been submitted the history of decedent's case and who had examined the X-ray pictures of his lungs, back, and other portions of the body, taken prior to his death, and whose evidence was before the Commission only in the form of letters and written reports, were of the opinion that the injuries received by the deceased on July 20, 1922, contributed in no way to the development of the cancer found at the second lumbar vertebra and was not directly or indirectly the cause of decedent's death. In the main they gave as their opinion that the decedent died of a cancer in the left lung and that the cancers in the spine and liver were secondary and were caused by and resulted from the primary cancer in the lung. In this opinion they were in a measure corroborated by Dr. Moore, who examined the decedent a short time prior to his death, and who assisted in taking the X-ray pictures. Dr. Young, who acted with Dr. Moore in making the examination of the patient and in the taking of the X-ray pictures, testified that he found a diseased condition of the lung, and that he could

not connect the injury of July 20th with the lung condition. Further than this he expressed no opinion as to the cause of the patient's ailment.

Petitioner now seeks to have said award annulled upon the ground that there was no evidence before the Commission to support the same. It is first contended by petitioner that the only legal evidence before the Commission, as to the cause of decedent's death, was that of Doctors Veon and McLean, who performed the autopsy, and who testified that they found the lungs normal and free from any disease, but that they found cancers in the spine and liver of said deceased, which caused his death, and that the cancer in the spine was a primary cancer and was the direct result of the injury of July 20th; that this testimony was opposed by certain incompetent testimony contained in letters and reports erroneously admitted in evidence at the hearing before the Commission. In other words, that the only conflict in the evidence was that between the legal and competent evidence submitted by the petitioner, and the illegal and incompetent evidence admitted in behalf of the defendants in the proceeding before the Commission.

[1] The record in this proceeding discloses the fact that these letters and reports were admitted in evidence without any objection on the part of petitioner herein and without any request on her part to cross-examine the authors of said letters and reports. In view of this fact, the objection now made by the petitioner for the first time, that said letters and reports are incompetent, comes too late, and cannot be taken advantage of by her in this court. No rule of procedure is more firmly established than that which requires a party who considers making an objection to the admission of testimony, to make such objection known to the court or tribunal before whom such evidence is sought to be introduced, at the time it is offered by the opposite party. It would be manifestly unfair and unreasonable to permit one party to remain silent, and by his silence to tacitly acquiesce in a proceeding, and thereafter to allow him, after an adverse decision, to nullify this decision by insisting upon an objection which he refused to make when the opportunity was afforded him at the original hearing. This rule is too well known to require any citation of authorities, and applies with equal force both to trials in courts and proceed-

ings before special tribunals, similar to the respondent herein.

What we have said in answer to this contention of respondent has been under the assumption that the objectionable testimony was incompetent and therefore should not, had a proper objection been made thereto, have been admitted by the Commission. [2] We think, however, that there cannot be any question of the competency of this testimony in the light of the statutory law and decisions of this state. (Workmen's Compensation, Insurance and Safety Act of 1917, sec. 19, subd. [c], and sec. 60, subd. [a], Stats. 1917, p. 871; *Western Indemnity Co.* v. *Industrial Acc. Com.*, 174 Cal. 315 [163 Pac. 60]; *Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.*, 179 Cal. 432–443 [177 Pac. 273]; *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.*, 180 Cal. 497–499 [181 Pac. 788].)

[3] The further contention is made by the petitioner that this evidence, although competent, is not sufficient to raise a conflict in the testimony as against the positive, undisputed evidence in behalf of petitioner. The testimony of Doctors Veon and McLean, who performed the autopsy, as we have already seen, was that decedent's lungs were normal and were free from disease. As opposed to this testimony, we have the opinions of the doctors and X-ray specialists that decedent at the time of his death had a cancer in his left lung and that his death was due primarily to this condition of the lung. They base their whole theory that decedent's death was not the result of the injury received by him on July 20, 1922, upon the fact that he had a cancer in the left lung. Petitioner claims that the positive testimony of the two physicians, who performed the autopsy, that no cancer was found in the lungs, effectually and conclusively establishes that fact as against the mere opinions of the doctors and specialists who were not present at the autopsy and whose testimony therefore would be nothing more than a conclusion.

This question seems to be conclusively decided against petitioner by the decisions of this state. When there is a conflict between scientific testimony and testimony as to facts, the jury or trial court must determine the relative weight. (10 Cal. Juris., p. 972.)

In the late case of *Rolland* v. *Porterfield,* 183 Cal. 466, at page 469 [191 Pac. 913], we find the law upon this subject enunciated as follows: "Whatever the individual opinion as to the value of expert testimony, it has been clearly settled in this state that, as regards the preference or weight to be given the testimony in any particular case, the law makes no distinction between expert testimony and evidence of other character, and that, when there is a conflict between scientific testimony and testimony as to the facts, the jury, or trial court, must determine the relative weight of the evidence. (*Estate of Blake,* 136 Cal. 306 [89 Am. St. Rep. 135, 68 Pac. 827]; *Watson* v. *Watson,* 58 Mich. 507 [25 N. W. 497].)" The case of *Rolland* v. *Porterfield, supra,* is cited with approval in the *Estate of Nelson,* 191 Cal. 280 [216 Pac. 368].

In view of these decisions of our supreme court, we are constrained to hold that there was a conflict in the evidence as to the cause of decedent's death, and the Commission having found that the injury received by him from the blow on the spine was not the cause of his death, the award must be affirmed, and it is so ordered.

Conrey, P. J., and Houser, J., concurred.