[Civ. No. 2936.    Third Appellate District.—March 5, 1925.]

## J. E. HART, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—HEARSAY TESTIMONY—CONSTITUTIONAL LAW.—The provision of subdivision 3 of section 19 of the Workmen's Compensation Act, that the Commission "may receive as evidence, either at or subsequent to a hearing, and use as proof of any fact in dispute . . . reports of attending or examining physicians," does not violate either section 11 of article I or subdivisions 3 or 33 of section 25 of article IV of the state constitution, as the Commission is not a court of justice, and such provision in relation to the admission of testimony is general in all cases coming before the Commission.

[2] ID.—CONFLICTING HEARSAY TESTIMONY—PROVINCE OF COMMISSION. In this proceeding before the Industrial Accident Commission to recover compensation for a hernia claimed to have been received while engaged in certain employment, the weight and credibility to be given to the report of the attending physician (which, in substance, was that it was an old hernia and could not have developed in the time elapsing between the date of the alleged accident and the date of his examination), as compared with the suppositions and statements found in certain medical books, which differ somewhat from the conclusions of the attending physicians, were matters within the exclusive jurisdiction of the Commission.

---

2. Recovery for hernia under workmen's compensation acts, notes, L. R. A. 1916A, 303; L. R. A. 1917D, 108; L. R. A. 1918F, 873.

Necessity and sufficiency of evidence that hernia suffered by applicant for compensation is attributable to his employment, note, 20 A. L. R. 48.

[3] ID.—CAUSE OF HERNIA—EVIDENCE—CONCLUSION OF COMMISSION—
DENIAL OF REHEARING.—In such proceeding, the report of the at-
tending physician that petitioner was suffering from an old hernia,
which could not have developed in the five days elapsing between
the date such injury was claimed to have been received and the
date of examination, justified the conclusion of the Commission
that the evidence was insufficient to establish as a fact that said
hernia arose out of or was proximately caused by the employ-
ment alleged by petitioner; and the alleged newly discovered evi-
dence sought to be introduced by petitioner, as shown by the
affidavits presented in connection with his petition for a rehear-
ing, having been merely cumulative in character and not sufficient
to lead the Commission to a conclusion different from that thereto-
fore arrived at by it as to the proximate cause of petitioner's
injury, its decision denying a rehearing was final.

---

(1) 36 Cyc., p. 990, n. 84, p. 991, n. 87, 88, p. 992, n. 90, p. 1012,
n. 58, p. 1013, n. 64; Workmen's Compensation Acts, C. J., p. 116,
n. 41 New, p. 122, n. 39.   (2) Workmen's Compensation Acts, C. J.,
p. 123, n. 41.   (3) Workmen's Compensation Acts, C. J., p. 115,
n. 37, p. 117, n. 58.

PROCEEDING in Certiorari to review an award of
the Industrial Accident Commission denying compensation.
Award affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan and A. W. Hollingsworth for Petitioner.

Warren H. Pillsbury for Respondents.

PLUMMER, J.—This matter is based upon the petition
of J. E. Hart to review the proceedings of the Industrial
Accident Commission of the state of California, denying
compensation in the case of J. E. Hart *v.* E. G. Engman
and the Aetna Life Insurance Company.

The return of the Commission sets forth by questions and
answers the testimony of petitioner taken upon the hearing,
which we summarize as follows:

"I am an automobile mechanic and have been with this
firm four and one half years.  On September 26th, I was
adjusting brakes and grabbed hold of a tire with the brakes
set, and they let loose, and I slipped and fell.  I was under
quite a strain.  I went down and hurt myself and a little

while afterwards, I felt. a peculiar sensation in my right side, and that evening, I went to see the doctor. It was not a great pain but I could feel it when I straightened up after I got through. Very shortly after, ten or fifteen minutes, I felt it just a few minutes after it happened, nothing before that. It bothers me now enough to prevent me working and it pains me at times in certain positions that I get in doing nothing. When I am sitting down or laying down, I do not feel it, but when I am even walking around doing nothing, I can feel it, a sort of a thorn in there, it doesn't seem right at all. I went home and changed my clothes and I found a little swelling about half the size of a walnut. I did not stop work at the time and went right on and finished adjusting the brakes. I went up Thursday night (to the doctor's office on the evening of the accident) and I have not done anything since. I have never had any swelling or any sensation of pain in my right side before. That is the first time I ever had any pain there. If there was any swelling there, it didn't hurt me at all and I never paid any attention to it. I didn't realize it was serious until I went home and saw the lump."

Included in the return, as a part of the testimony taken before the Commission, is a letter written by Dr. Bartlett, an examining physician in this case, under date of October 1, 1924, as follows:

"Attention Dr. R. N. Gray:—

"Mr. J. E. Hart, of 521-8th Street, Santa Rosa, Calif., reporting at my office October 1st for examination and report, regarding hernia.

"History—White, male, married, 36, employed as mechanic claims injury on Friday, September 26th, 1924 at 4 P. M.

"Patient was testing out the brakes on a car by attempting to turn the rear wheel with the brake set. To accomplish this he grasped the tire with his hands and placed his right foot on a lug nut. Simultaneously he pressed down with his right foot and pulled with his hands. His foot slipped off of the lug nut and he pitched forward on to the ground. About 10 or 15 minutes later patient became conscious of a pain in his right groin. He does not describe this pain very accurately but says that it was a sort of

swelling sensation. He finished his day's work under some handicap from pain but without great distress. That evening, from one to two hours later, when changing his clothes he discovered a swelling in this groin at the site of pain. The pain has been quite constant ever since the accident, though not so severe as on the first day and only barely noticeable when he is lying down. The swelling is present excepting when he lies down. Patient has not worked since the day of the accident because he was afraid he might further damage himself.

"Patient claims that he has never had any troubles in his groins before such as pain, swelling or rupture. He has always done very heavy work.

"Examination—The right external inguinal ring is very large. The inguinal canal is enormously dilated. A huge mass descends by way of the cord and protudes about 5 cm. beyond the edges of the external ring whenever the patient strains, or when he stands up. The mass goes back very easily. There is gurgling on pressure. The conjoined tendon is quite relaxed, the internal ring is enormously dilated. There is no tenderness in the ring.

"On the opposite side the structures seem to be normal. Patient complains more of the examination on the left side than on the right side. The scrotal contents are normal except for a markedly atrophic testicle on the right, the result of an orchitis about 12 years ago.

"Conclusion—Patient has a right indirect advanced inguinal hernia. This is an old hernia inasmuch as it is too large to have developed in 5 days and, tenderness is lacking.
                                        "EDWIN I. BARTLETT."

Upon the foregoing testimony, the Commission made the following findings of fact: "That J. E. Hart, on the 26th day of September, 1924, at Santa Rosa, California, while in the employ of defendant, E. G. Engman, at which time the employer was insured against liability under the Workmen's Compensation, Insurance and Safety Act of 1917 by defendant Aetna Life Insurance Company, was found to be suffering from a right inguinal hernia which condition constitutes the basis of the claim herein asserted," and "that the evidence herein is insufficient to establish as a fact that said hernia arose out of or was proximately caused by the

aforesaid employment." In accordance with these findings, it was ordered that the claimant take nothing by reason of his application for compensation. Within the time provided by the Workmen's Compensation Act, the applicant filed with the Commission his petition for a rehearing, based upon two grounds:

1. That the evidence does not justify the findings of fact;
2. Newly discovered evidence.

Thereafter the Commission passed upon the applicant's petition for a rehearing, as follows: "Findings and award having been approved herein on the 9th day of October, 1924, and the applicant having on October 14, 1924, filed his petition herein asking for a rehearing, and no good cause appearing why said petition should be granted, now therefore, it is hereby ordered that said petition for rehearing be, and it is hereby, denied. Dated at San Francisco, California, this 31st day of October, 1924, . . . "

[1] The first error on the part of the Commission assigned by the applicant herein as a reason why the findings should be annulled and a rehearing granted is based upon the action of the Commission in receiving, and, therefore, acting upon hearsay testimony which consisted in the report of an examiantion upon the applicant made by Dr. Bartlett. The existence of legislative sanction for the admission of such testimony is recognized but the constitutionality thereof is questioned.

Subdivision c of section 19 of the Workmen's Compensation Act, as amended May 13, 1917 (Stats. 1917, p. 849), in relation to the receipt of evidence by the Commission, provides as follows: "The commission may receive as evidence, either at or subsequent to a hearing, and use as proof of any fact in dispute, the following matters, in addition to sworn testimony presented in open hearing: (1) Reports of attending or examining physicians . . . " The remainder of the subdivision is not pertinent to this inquiry. The petitioner contends that this subdivision of section 19 of the Workmen's Compensation Act is violative of section 11 of article I, and of subdivisions 3 and 33 of section 25 of article IV of the constitution. Section 11 of article I, *supra*, reads: "All laws of a general nature shall have a uniform operation." Subdivisions 3 of section 25 of article IV, *supra*,

specifies that the legislature shall not pass local or special laws regulating the practice of courts of justice, and subdivision 33 of said section 25 directs that in all cases where a general law can be made applicable, it is the duty of the legislature so to provide.

A complete answer to the foregoing objections is found in the fact that the act in question does not, either in purport or in effect, regulate in any particular the practice of any court of justice, and the act in question, in relation to the admission of testimony, is general in all cases coming before the Commission. It is true that the supreme court of the state has held that, under the provisions of the state constitution, as now amended, the Industrial Accident Commission is invested with certain judicial powers, but this does not, in and of itself, constitute the Commission a court in any sense of the word as that term is used in the state constitution. It has been frequently decided that such bodies, as boards of supervisors, exercise judicial functions, but it has never been contended that therefore a board of supervisors, when exercising such functions, becomes a court, as that term is used and defined in our state constitution.

As to the general proposition concerning the admission of hearsay testimony, the supreme court of this state in *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.,* 180 Cal. 497 [181 Pac. 788], has held: "In view of section 60 (a) of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 871), a finding of the Industrial Accident Commission of the existence of the relationship of employer and employee based upon hearsay evidence is binding upon the reviewing court." See, also, *McFeely* v. *Industrial Acc. Com.,* 65 Cal. App. 45 [223 Pac. 413], where the authorities supporting the admission of such testimony are fully set forth.

As to whether reports of examining physicians are reliable and whether credence may be given thereto and action based thereupon are not matters for this court to determine. The legislature has amended the law so as to admit the receipt of such testimony by the Commission, and the weight and credibility to be given thereto is for the Commission and not for the court.

[2] A considerable portion of the petitioner's brief is given over to a consideration of the causes of hernia, its origin, its symptoms and results, based upon quotations from De Quervain on Clinical Diagnosis and Buckman's Operative Surgery. These writers differ from the conclusions reached by Dr. Bartlett, but we have no means of determining whether these writers are more accurate in their statement or better informed, or more likely to give correct information than Dr. Bartlett. The argument of counsel reduced to a simple statement is the placing of hearsay testimony against hearsay testimony, the writing found in a book against the writing constituting the report of an examining physician. We think the Commission justified in acting upon the report of the examining physician, rather than upon theories, or suppositions or statements found in books, because the writer of the report undoubtedly knew at the time of making the same that he was subject to the call of the Commission and could be specifically and thoroughly interrogated as to any matters or statements contained therein. In any event, these are matters for the Commission and are within the exclusive jurisdiction of the Commission.

[3] A number of cases have been cited where findings of the Commission have been set aside and the causes remanded for rehearing, but an examination of such cases shows they are based upon nonconflicting testimony and the questions presented were simply whether the testimony was legally sufficient or insufficient to support the findings of the Commission. Our attention is also called to the case of *Clapps Parking Station* v. *Industrial Acc. Com.*, 51 Cal. App. 624 [197 Pac. 369], where the award of the Industrial Accident Commission was annulled on *certiorari* for insufficiency of the evidence to sustain a material finding of the Commission, and the case remanded for further proceedings before the Commission, as per the request of the Commission for the taking of additional testimony. The question involved was whether the injury was occasioned at a time when the deceased was actually in the service as well as in the employ of his employer, and it was held by the court that the undisputed testimony failed to show such service. That case does not present an instance where the Industrial Accident Commission is passing upon conflicting testimony. In the

case at bar we have the testimony of the applicant, the statement of the examining physician and, also, the fact that the Commission had before it an application for a rehearing based upon a petition setting forth the nature and character of the additional testimony possible to be presented for consideration by the Commission, just as presented to this court, and with these facts before it, the Commission reaffirmed its conclusion that the petitioner was not entitled to compensation.

The foregoing statement brings us to the situation presented by subdivision c of section 67 of the Workmen's Compensation Act, wherein it is set forth that "the findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; such questions of fact shall include ultimate facts and the findings and conclusions of the commission . . . "

The additional testimony sought to be introduced is only cumulative and its character is sufficiently foreshadowed by the affidavits presented to enable the Commission to determine whether it would have any weight or bearing upon the vital issue involved in this case, to wit: the proximate cause of the hernia, and, unless the alleged newly discovered evidence was such as to lead to a different conclusion from that arrived at by the Commission as to the proximate cause, it was the duty of the Commission to deny a rehearing. We think the jurisdiction of the Commission to pass upon these questions and the finality of their decision are embraced within said subdivision c of section 67, *supra.*

The record discloses sufficient evidence to support the findings and award of the Commission. It therefore follows that the award of the Commission must be, and the same is, hereby affirmed.

Finch, P. J., and Hart, J., concurred.