[Civ. No. 7201. Second Appellate District, Division Two.—November 29, 1932.]

MARY A. WELCH, Appellant, v. ROBERT A. WIRSCHING, Respondent.

Roy H. Smith, P. V. Davis and A. C. Brydonjack for Appellant.

Hiram T. Kellogg for Respondent.

CRAIG, J.—In an action arising from injuries received by the appellant, a pedestrian, through an accident resulting from the respondent's automobile having collided with appellant while crossing at an intersection of public streets, judgment was entered upon an instructed verdict in favor of the respondent.

The only question presented as a ground for reversal is as to whether or not the evidence adduced upon the trial was sufficient to require its submission to the jury. It has been held that the rule is precisely the same as that applied where a motion for a judgment of nonsuit is under consideration. (*Kohn* v. *National Film Corp. of America,* 60 Cal. App. 112 [212 Pac. 207].) A judgment of nonsuit may be entered when upon the trial the plaintiff fails to prove a sufficient case for the jury. (Code Civ. Proc., sec. 581, subd. 5.) ''The jury, subject to the control of the court, in the cases specified in this code, are the

judges of the effect or value of evidence addressed to them, except when it is declared to be conclusive." (Code Civ. Proc., sec. 2061.)

It appeared that the streets were lighted, that it was raining, that the defendant's windshield was dimmed, and that his curtain was so drawn that he was unable to see the direction in which he was driving; that he drove westerly to the corner, was unaware of any person walking upon the street, and failed to stop until about forty feet from the point of impact. The principal grounds urged below for an instructed verdict were that it was negligence as a matter of law for the plaintiff to look and not see an approaching automobile "in plain sight", and that she was negligent to a degree barring recovery "in leaving the sidewalk before the ringing of the second bell". Evidence introduced on behalf of the plaintiff was, in part, from her own testimony that she waited at the corner "until the signal was right, until the bell rang and the arm went up with the 'go' on it, and then proceeded to cross the street". A witness who escorted her across testified: "I watched every way . . . there was not anything coming from that direction"; that they progressed to a point four or five feet past the center line when the defendant's car hit them from the rear. The defendant swore that he sounded no horn, and that he was traveling about six miles an hour.

From the foregoing it at once appears that there was at least a substantial conflict of evidence upon the two vital questions between the parties. An instructed verdict may be granted "only when, disregarding conflicting evidence, and giving to the plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there was no evidence sufficient substantially to support a verdict in favor of the plaintiff if such a verdict were given". (*In re Caspar's Estate*, 172 Cal. 147 [155 Pac. 631]; *Burr* v. *United Railroads of San Francisco*, 163 Cal. 663 [126 Pac. 873]; *Jones* v. *Southern Pac. Co.*, 74 Cal. App. 10 [239 Pac. 429]; *McFeely* v. *Industrial Acc. Com.*, 65 Cal. App. 45 [223 Pac. 413]; *Langdon* v. *Superior Court*, 65 Cal. App. 41 [223 Pac. 72].)

We conclude that it was error on the part of the trial court to have given the instruction directing the jury to find for the defendant.

The judgment is reversed.

Works, P. J., and Stephens, J., *pro tem.*, concurred.