[Civ. No. 10061.   First Appellate District, Division One.—May 2, 1936.]

MARGARET KUHN, Respondent, v. THE CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Appellants.

John J. O'Toole, City Attorney, and Henry Heidelberg and Edmond P. Bergerot, Deputies City Attorney, for Appellants.

Keyes & Erskine, Russell Ainsworth and J. Benton Tulley for Respondent.

TYLER, P. J.—Negligence—Personal Injuries.   The sole question involved in this appeal is whether or not plaintiff was guilty of contributory negligence as a matter of law. There was evidence to show that on November 14, 1931, at

about 5:30 P. M., respondent, a woman some sixty-one years of age, was proceeding westerly on the northerly side of Broadway in San Francisco. It was dark and a heavy rain was falling. When she reached the curb at Van Ness Avenue the traffic signal was against her. She waited until the traffic light turned green in her favor before stepping from the curb. She noticed that certain cars to her right, traveling north on Van Ness Avenue, had come to a stop. She looked to her right, from which direction the street car came, but noticed no automobiles or street cars. She then stepped down from the curb and proceeded westerly to cross Van Ness Avenue, walking in the middle of the pedestrian zone. When she had proceeded approximately to the middle of Van Ness Avenue she passed a man and a woman walking easterly. At about this time she reached the westerly car tracks and was struck by appellants' street car which, without stopping, had run through the traffic light that was set against it. The front of appellants' car struck plaintiff as she was in the act of crossing said tracks. The motorman testified that the tracks were wet and in consequence the car made little or no noise. He also testified that he did not see plaintiff until after he had run into her. Plaintiff testified that she looked but did not see the street car.

It is appellants' contention that as plaintiff testified she had looked and did not see the car, which was fully lighted, her testimony that she looked was not worthy of belief, for to have looked was to have seen, and plaintiff was guilty of contributory negligence as a matter of law, for which reason the case should not have been submitted to the jury. There is no merit in the contention. It is admitted by appellants that plaintiff had the "Go" signal in her favor and that the street car went through the traffic signal without stopping, but they insist that this act did not excuse plaintiff from exercising care. This is undoubtedly true, but where one crosses a street intersection in obedience to a traffic signal the question of the pedestrian's contributory negligence in failing to see an approaching vehicle when she looked in its direction is a question for the jury. (*Welch* v. *Wirsching*, 127 Cal. App. 725 [16 Pac. (2d) 691].) In the case cited the same contention was made as here. In *Long* v. *Barbieri*, 120 Cal. App. 207 [7 Pac. (2d) 1082], decided by this court, it was held that where a plaintiff was walking

in an established pedestrian lane, with the green traffic signal in her favor, and engaged in the exercise of ordinary care for her own safety, she was proceeding along a path where she had a right to be; and when she testified that she looked as she started to cross, but admitted, as here, that she did not see defendant's car, she was not guilty of contributory negligence as a matter of law. Counsel for appellants have cited us to numerous cases from other jurisdictions which they argue support their contention. We do not deem a discussion of those cases to be necessary. It is clear that the appeal is devoid of merit. Respondent had the green light in her favor. She took the precaution of looking for approaching traffic. She had proceeded three-fourths of the way across the intersection when she was struck by a car that ran through the traffic light, set against it, without stopping and without warning. She had reasonable grounds, under the circumstances, to expect that her crossing could be made in safety. At all events, as above pointed out, the question as to whether plaintiff was guilty of contributory negligence was one for the jury.

No question is raised as to the amount of the verdict which was for the sum of $3,600, nor as to the nature of the injuries she suffered.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.