[Civ. No. 5729.   Third Appellate District.—November 14, 1936.]

ASSOCIATED INDEMNITY CORPORATION, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, MRS. BESSIE HERBERT et al., Respondents.

R. O. Purvis and Varnum Paul for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

THOMPSON, J.—This is a petition for a writ of *certiorari* to review an order of the Industrial Accident Com-

mission refusing to reopen an award of compensation for the death of a mechanic as a result of injuries sustained in the course of his employment. The petition to reopen the cause was made under the provisions of section 20 (d) of the Workmen's Compensation Act. (Stats. 1917, p. 831, and amendments, Deering's Gen. Laws · of 1931, p. 2272, Act 4749.)

It is contended the findings are not supported by the evidence; that the commission abused its discretion in denying the petition to reopen the award; that the award was procured by fraud, and that the petitioner is entitled to have the cause reopened to permit the introduction of newly discovered evidence in the character of a statement alleged to have been made by the deceased while he was a patient in the hospital, which report was fraudulently concealed and which the petitioner, after the exercise of due diligence was unable to procure or present at the original hearing of the cause.

September 8, 1933, Ralph Bertren Herbert was employed at Camp Lasco as a mechanic on a caterpillar tractor used in the business of logging, by the Lassen Lumber & Box Company. The petitioner was the insurer of the company. It was a cold morning. The metal guard of the machine was frosted and slippery. In attempting to pour water into the radiator of the tractor on the last-mentioned date the employee slipped and fell, injuring his left thigh and the calf of his leg adjacent to his left shin. He exhibited the injury and complained of the pain as a result thereof to other persons. He limped about for several days in an effort to perform his duties, apparently suffering greatly on that account. He and his wife consulted Dr. Martin, the company physician at Susanville. Mrs. Herbert testified in that regard: "We both saw Dr. Martin on the 9th. . . . We went first to find him and he wasn't in his office, and we borrowed a conveyance to get into town. . . . He said, oh, it was only discoloration from a bruise. . . . We did what Dr. Martin told us to do up until he took sick on the third day of November. . . . Dr. Martin ordered me to give hot water and epsom salts." March 9, 1934, Mr. Herbert was still suffering from that injury and he visited Dr. Primasing of Courtland, who testified that the deceased

came to him with a badly infected limb, and told him "that he had been injured while working at the logging camp". The infection developed. The limb became badly swollen and very painful. His temperature was 102 or 103. The calf of the injured limb was inflamed with a granulated appearance down to the ankle. The tissue was a dull red color. There was a discharge from both sides of the knee and from the thigh. A blood count and X-ray pictures were taken. He was conveyed to the Sacramento Hospital. When he was told it was necessary to engraft skin over the impaired area, he left the hospital. He was soon returned to another Sacramento hospital for treatment. The injured limb appeared to have developed virulent streptococcus. It was followed by erysipelas. The germs of disease were apparently conveyed through the medium of the injured leg to the blood-stream and impaired the tissue, the bone and the internal organs. The limb became gangrenous. Blood poisoning followed, and he died as a result thereof on March 28, 1934.

The widow and minor children of the deceased filed a claim for compensation with the Industrial Accident Commission. After an elaborate hearing, the commission found that Ralph Bertren Herbert died as a result of a contused left thigh and calf and from an abrased left shin, received by a fall against the guard of a tractor in the course of his employment with the Lassen Lumber & Box Company, of which corporation the petitioner in this proceeding is the insurer. An award of damages was made to the widow and children of the deceased. The amount of the award is not challenged. This petitioner subsequently moved to reopen the award under the provisions of section 20 (d) of the Workmen's Compensation Act chiefly because of the discovery of new evidence consisting of the hospital record of the patient's statement, which statement, it is alleged, was fraudulently suppressed by those in charge of the hospital. This statement, which was contained in the hospital records of the case, was prepared by an attending physician of the hospital and was not signed by the patient. It contains the statement that the patient "suffered small skin abrasion in region of left knee about 2 weeks ago *while repairing an old house*". No other cause of injury is stated in that report. In the petition to reopen the cause it was alleged

the insurance company was unable, after the exercise of due diligence, to procure this hospital record at the time of the original hearing. It could not be found. It was asserted this record was fraudulently concealed. It was later discovered in the custody of the hospital. Based upon that record and the alleged fraud in concealing it, the petition for a rehearing was made. It was denied. The petitioner now seeks to review that order on the ground that it constituted an abuse of discretion on the part of the commission to deny the rehearing.

While there is a conflict of evidence regarding the cause of the injury which resulted in the death of Ralph Bertren Herbert, there is ample evidence to support the findings of the commission and the award of damages, and this court is bound by those findings. In the case of *Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699, 706 [28 Pac. (2d) 919], it is said:

"The findings themselves are not subject to review except in so far as they may have been made without any evidence whatever in their support. Even then a review of the findings is based upon the theory that the commission had no jurisdiction to make a finding entirely unsupported by evidence rather than upon the theory usually presented upon appeals that findings of a trial court are lacking in sufficient evidentiary support which imposes upon the reviewing tribunal the duty of weighing evidence to arrive at a determination of that proposition."

There is no adequate proof that the award was procured by fraud in concealing the hospital record of the history of the case which contained an adverse statement regarding the cause of the accident which resulted in the death of Mr. Herbert.

It does appear that the hospital statement did recite that the patient "suffered small skin abrasion in region of left knee about 2 weeks ago *while repairing an old house*". This is in conflict with the finding of the commission to the effect that the injury was sustained by deceased in falling from the tractor while in the course of his employment with the Lassen Lumber & Box Company. It is also true that the hospital statement was not available to this petitioner at the original hearing. The evidence indicates

that the record was merely misplaced by the hospital authorities.

Mrs. Herbert also testified that her husband was taken to the hospital in an ambulance in a semi-conscious condition which rendered him unable to understand or intelligently answer questions. She flatly and repeatedly denied that he was injured while repairing a house. She declared that he did not assist in repairing a house shortly before he was taken to the hospital or at all. She positively asserted that he was injured while he was working on a tractor for the Lassen Lumber & Box Company. She admitted that the hospital statement was shown to her and that she read it, and handed it back to Miss Underhill with the declaration that the statement upon which this petitioner relies regarding the cause of the accident, therein contained, was not true. There is no evidence that the hospital statement remained in the custody of Mrs. Herbert. The record indicates that it was retained by the hospital. It is true that upon cross-examination she did say: "*I think* Miss Underhill destroyed his statement, I am quite certain she did." But she was evidently mistaken in that regard. It was later discovered by the authorities of the hospital in their possession. It had evidently been misplaced. Her mere statement that she was quite certain Miss Underhill destroyed the record, does not furnish satisfactory evidence of fraud on her part. There is no evidence that she had anything to do with its absence or concealment.

Moreover, the statement contained in the hospital record merely creates a conflict of evidence regarding the cause of the accident. The statement of the hospital record regarding the cause of the accident is merely cumulative. That statement regarding the cause of the accident was actually received in evidence at the original hearing. Mr. Fitzwilliam, an agent of the Associated Indemnity Corporation, at its request, made an investigation of the facts surrounding the claim. He personally examined the hospital record in question and took complete notes of its contents, including the statement of the cause of accident relied upon. Those notes of the contents of that hospital record were received in evidence. He was also a witness at that hearing

and testified in accordance with his memorandum, to substantially the same statement which was contained in the record, as follows: ''As history given by Mr. Herbert, that *he suffered a small abrasion of the left knee while repairing a house.''*

It follows that the absence of the hospital record at the original hearing of the commission was harmless. All of the evidence which it contains regarding the cause of the accident was adduced before the commission, and we must assume it was duly considered.

An aggrieved party to the proceedings before the Industrial Accident Commission for compensation may petition for a rehearing from the final order, decision or award under the provisions of section 64 of the act. A rehearing may be granted on the following grounds, that: 1. The commission acted without or in excess of its powers, 2. The order, decision or award was procured by fraud, 3. The evidence does not justify the findings of fact, 4. The discovery of new evidence, material to the petitioner, which he could not with reasonable diligence have discovered and produced at the hearing, and, 5. The findings do not support the order, decision or award. (Sec. 65, Workmen's Compensation Act.) The commission has power under the provisions of section 20 (d) of the act to ''rescind, alter or amend'' any order, decision or award, ''upon good cause appearing therefor'', and to ''review, grant or regrant, diminish, increase or terminate'' the award upon a proper showing therefor.

▉ Upon application for a rehearing, the conclusions of the commission on questions of fact are final and conclusive when there is any substantial evidence to support them. (Sec. 67, Workmen's Compensation Act.) If the alleged newly discovered evidence is merely cumulative of the evidence which was actually adduced at the original hearing the order of the commission denying a rehearing will not be disturbed on *certiorari.* (*Hart* v. *Industrial Acc. Com.,* 71 Cal. App. 542, 549 [235 Pac. 748].)

In the present case there is ample evidence to indicate that the award was not procured by fraud. At least the evidence is not sufficient to warrant a finding that it was procured by fraud. The award is adequately supported by

the findings which were adopted, and the alleged newly discovered evidence is merely cumulative.

The order denying a rehearing is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 14, 1936.