IN RE ESTATE OF JOHN W. STONE, Deceased.

EXECUTORS AND ADMINISTRATORS: Appointment—Right of Stranger to Estate to Contest. One who is in no manner interested in an estate, except as a possible defendant in an action for damages on behalf of the estate, has no standing to question the appointment of an administrator.

*Appeal from Woodbury District Court.*—DAVID MOULD, Judge.

TUESDAY, JANUARY 11, 1916.

OPINION ON REHEARING.

On petition of Claude William Garnier, filed in the office of the clerk of the district court, the applicant was appointed and qualified as administrator of the estate of John W. Stone, alleged to have died intestate in the state of Illinois (of which state he was a resident), leaving personal estate in Iowa, for the preservation of which, administration in this jurisdiction was necessary. Letters of administration having been issued, the administrator filed a list of the heirs of the deceased, showing that he left surviving him a widow and two children; also an inventory, showing the general assets of the estate to consist of a claim of $5,000 against the Lake Erie & Western Railroad Company for the negligent killing of the intestate. Some time later, the railroad company appeared in the proceedings and filed a petition asking the court to vacate and set aside the order of administration, because the intestate was a resident of Illinois and left no estate of any kind in Iowa, and therefore the district court of Woodbury County had no jurisdiction or authority to appoint an administrator of his estate.

As a further ground for such application, it is alleged that the company is a corporation operating a railroad in Indiana and Illinois, but not in the state of Iowa, and has

no general office or agency in Iowa, upon which service of an original notice can be made. It further alleges that the widow and children of the .intestate, who are the real parties in interest, were and still are all residents of Illinois. The application was denied by the trial court, and the company has appealed from that ruling. An opinion having been filed affirming the action of the trial court, appellant applied for and obtained a rehearing, and has filed an additional argument in support of its contention that the court below had no jurisdiction to appoint the administrator.—*Affirmed.*

*Sargeant, Strong & Struble,* for appellant.

No argument for appellee.

Weaver, J.—It is very material, at the outset, to inquire by what right the appellant appears in the probate proceedings, to contest the granting of administration upon the estate of the deceased.. It makes no assertion of right in itself to administer upon the estate, either in Iowa or Illinois. It is not an heir or creditor of the deceased or distributee of his estate. If any conclusion can be drawn from the application and argument, it is that the appellant fears that the administrator, if not removed, may sue it for the collection of an alleged claim for damages; yet, in the same connection, it assures the court that it has itself neither residence nor office nor agency in this state, and that it is, therefore, impossible for the courts of Iowa to obtain jurisdiction over it. So far as the record shows, the administrator has not brought suit upon the claim, nor is there anything to negative the idea that, if he does sue, he will bring his action in Illinois or Indiana, where, confessedly, a good service can be had. We are, therefore, of the opinion that appellant shows no such right or interest in the estate of the deceased as gives it any standing to appear in the

*Executors and administrators: appointment: right of stranger to estate to contest.*

probate proceedings or to contest the validity of the appointment of the administrator.

It would hardly seem necessary to take time for argument or citation of authorities upon a proposition so elementary, but we may say that the precise question was before this court in *Murphy v. Creighton,* 45 Iowa 179. It was there decided that a showing of property of the deceased in the county where application is made is not necessary to the jurisdiction of the court to appoint an administrator, and that, such appointment having been made, it is not open to collateral attack. The same question of jurisdiction was again decided in *Morris v. Chicago, R. I. & P. R. Co.,* 65 Iowa 727, and the appointment of an administrator by an Iowa court was upheld, although the estate had no property in Iowa nor any property right therein, except a claim for damages for causing the death of the intestate, upon which claim suit might be brought in this jurisdiction. That a person or party who fears he may be sued by the administrator has no interest which entitles him to demand the removal of the administrator was again distinctly held in *Chicago, B. & Q. R. Co. v. Gould,* 64 Iowa 343, a case in which the facts are in all material respects similar to those presented in this case.

There is nothing whatever in the decision by us in *Knight v. Moline, E. M. & W. R. Co.,* 160 Iowa 160, which is inconsistent with these holdings. The question there raised was as to the authority of a foreign administrator, who had never sought or procured an appointment here, to maintain an action in Iowa,—another and different proposition from the one with which we are here confronted. The questions argued have been too long settled in this court to be now disturbed. Further to the point that the appellant will not be heard to attack the validity of the administrator's appointment, see *White v. Spaulding,* (Mich.) 14 N. W. 684; *Jones v. Smith,* (Ga.) 48 S. E. 134; *Missouri Pac. R. Co. v. Bennett,* (Kan.) 49 Pac. 606; *Missouri Pac. R. Co. v.*

*Lewis,* 24 Neb. 848; *Hartford & N. H. R. Co. v. Andrews,* 36 Conn. 213.

We see no reason for departing from the conclusion announced on the first hearing, and the judgment appealed from is, therefore,—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.