[Sac. No. 3332. In Bank.—June 16, 1923.]

In the Matter of the Estate of JOHN S. NELSON, Deceased. STINA B. PEDERSEN, Respondent; CLARENCE J. ISAACS, as Administrator, etc., et al., Appellants.

[1] Wills—Contest of Holographic Will—Verdict—Testimony of Expert Witnesses — Sufficiency of. — In a contest of a holographic will instituted after the probate of the will, the testimony of expert witnesses that in their opinion the will was not in the handwriting of the deceased was sufficient to sustain the verdict of the jury that the entire will was not in the handwriting of decedent, notwithstanding the fact that the acquaintances of the decedent familiar with his handwriting testified that in their opinion the entire document was in the handwriting of the decedent.

[2] Id.—Testimony of Expert Witnesses—Instruction.—In such a contest, an instruction to the effect that the testimony of expert witnesses should be received with great caution was properly refused.

[3] Id.—Change in Handwriting—Instruction.—In such a contest, the trial court correctly refused an instruction to the effect that it is the rule that the handwriting of a particular person is not always the same and it is the rule that the same person does not always write the same style.

[4] Id.—Disposition of Property—Right of Owner to Will—Instruction.—An instruction calling the attention of the jury to the right of every owner to dispose of his property by a will and instructing the jury that if they found that the will in question was made and executed by the testator "said will cannot be set aside upon allegation and proof that it was not in fact the will of" the testator, so far as it related to the issue presented to the jury, namely, whether the entire will was in the handwriting of the decedent, was confusing and contradictory and should not have been given.

[5] Id.—Interest of Contestant—Duty of Trial Judge to Determine.—The question of whether or not the contestant was a person interested in the estate and for that reason entitled to bring the contest was one for the trial judge to determine.

1. Value of expert testimony as to handwriting, note, L. R. A. 1918D, 642.

[6] ID.—BURDEN OF PROOF—INSTRUCTIONS.—In such a contest, where the trial court, of its own motion, gave an instruction to the effect that if the jury were not satisfied from a preponderance of the evidence that some part of the purported will was not in the handwriting of the deceased, then they should answer the interrogatory whether the entire will was in the handwriting of the decedent in the affirmative, a requested instruction to the effect that it must appear "clearly, directly and positively that said will in question is not entirely in the handwriting" of deceased was erroneous and should not have been given, if it amounted to any more than the instruction given by the court; if not, it was amply covered by said instruction given by the court of its own motion.

[7] ID.—PRESUMPTION OF INNOCENCE—APPLICABILITY OF.—The presumption of innocence is applicable in civil as well as criminal cases.

[8] ID.—EVIDENCE—PRESUMPTION OF INNOCENCE.—In a contest of an alleged holographic will instituted after probate of said will, where the beneficary under said will was charged with writing part of it, and the evidence of an expert witness called by the contestant was to the effect that the portion of the will claimed not to be in the handwriting of the deceased was in the handwriting of said beneficiary, and the latter was seeking to uphold the will as a valid holographic will, the presumption of innocence on the part of said beneficiary from wrongdoing was applicable.

[9] ID.—ADMISSION OF WILL TO PROBATE—PRESUMPTION.—The admission of a will to probate does not create a presumption in favor of the validity of the will.

[10] ID.—PRESUMPTION OF INNOCENCE—HOW OVERCOME—REQUESTED INSTRUCTION.—In such a contest, a proposed instruction in effect requiring the presumption of innocence of the beneficiary from wrong to be overcome to the "satisfaction" of the jury was erroneous, and therefore the trial court did not commit error in refusing the same, even though a correct instruction as to the presumption of innocence was proper in the case.

[11] ID.—PRESUMPTION OF INNOCENCE—PREPONDERANCE OF THE EVIDENCE.—The presumption of innocence in a civil case is overcome by the preponderance of the evidence.

APPEAL from an order of the Superior Court of Stanislaus County setting aside the probate of a will. L. W. Fulkerth, Judge. Affirmed.

7. Presumption of innocence in civil cases, note, 33 **L. R. A.** **(N. S.)** 841.

The facts are stated in the opinion of the court.

W. H. Hatton and T. H. Christiansen for Appellants.

T. C. Judkins, Grant & Zimdars, Dennett & Zion for Respondent.

Lucius L. Solomons and Fred C. Peterson, *Amici Curiae.*

WILBUR, C. J.—This is an appeal from an order of the court setting aside the probate of a will. This order was entered in pursuance of the finding of a jury in a contest instituted after a probate of the will in which the contestant alleged that the will was not entirely written, signed, and dated in the handwriting of the decedent.

The proposed will is in the following words and figures:

"September 20th, 1917.

"J. N. Nelson

"To Whom this is concerned

"I leave all I have Stock Real estate and money & personal property to my cousin Ida M. Isaacs.

"JOHN N. NELSON

"Modesto, Cal.

"Stanislau Co."

The contestant claimed that all of this will was written by Ida M. Isaacs, the legatee and devisee therein, excepting the date, the signature and what followed; that is to say, that the words "To Whom this is concerned I leave all I have Stock Real estate and money & personal property to my cousin Ida M. Isaacs" were not written by the decedent.

The sole question submitted to the jury was whether the entire will was in the handwriting of the decedent and to this question the jury answered "no."

[1] Expert witnesses having testified that in their opinion the will was not in the handwriting of the deceased, such testimony was amply sufficient to sustain the verdict of the jury, notwithstanding the fact that the acquaintances of the decedent familiar with his handwriting testified that in their opinion the entire document was in the handwriting of the decedent.

The appellant bases her claim for a reversal upon certain alleged errors of the trial court in the giving and refusing of instructions.

[2] Appellant contends that the trial court erred in refusing an instruction to the effect that the testimony of expert witnesses should be received with great caution. This instruction was properly refused. (*Quint* v. *Dimond,* 147 Cal. 707, 714 [82 Pac. 310] ; *People* v. *Wilkins,* 158 Cal. 530 [111 Pac. 612] ; *Rolland* v. *Porterfield,* 183 Cal. 466 [191 Pac. 913] ; *Estate of Hess,* 183 Cal. 589 [192 Pac. 35].)

[3] The court correctly refused an instruction to the effect that it is the rule that the handwriting of a particular person is not always the same and it is the rule that the same person does not always write the same style. This instruction did not state a legal proposition. [4] An instruction was proposed by the appellant calling the attention of the jury to the right of every owner to dispose of his property by a will and instructing the jury that if they found the will in question was made and executed by John N. Nelson, "said will cannot be set aside upon allegation and proof that it was not in fact the will of John N. Nelson." This instruction, so far as it related to the issue presented to the jury, was confusing and contradictory and should not have been given.

The appellant complains of the failure to give an instruction that it was the duty of the jury to determine whether or not the contestant, Stina B. Pedersen, was the aunt of the deceased. [5] The question of whether or not the contestant was a person interested in the estate and for that reason entitled to bring the contest was one for the trial judge to determine. (*Estate of McKenna,* 138 Cal. 439 [71 Pac. 501] ; *Estate of Land,* 166 Cal. 538 [137 Pac. 246] ; *Estate of Mauvais,* 43 Cal. App. 779 [185 Pac. 987].) The issue as to whether or not the contestant was sufficiently interested in the estate to maintain the contest was expressly reserved by the court, for the jury were instructed that the sole issue presented to them was whether or not the will was entirely written, signed, and dated in the handwriting of the decedent.

The appellant offered an instruction to the effect that before the jury could set aside the will on the ground it was not in the handwriting of the decedent "the testimony

should make it appear clearly, directly, and positively that the will in question is not entirely in the handwriting of John N. Nelson, deceased, and unless the weight of the testimony makes it appear to you clearly, directly, and positively that said will is not entirely in the handwriting of John N. Nelson, deceased, your verdict should be in favor of sustaining the will and against the alleged contestant, Stina B. Pedersen.'' The jury were elsewhere instructed: ''and if you are not satisfied from a preponderance of the evidence that some part of said purported will is not the handwriting of the deceased, John N. Nelson, then you should answer said interrogatory in the affirmative.'' This latter instruction that the burden of proof was upon the contestant was given by the court of its own motion. [6] If the requested instruction to the effect that it must appear ''clearly, directly, and positively that said will in question is not entirely in the handwriting of John N. Nelson, deceased,'' amounted to any more than the instruction already given that the burden of proof was upon the contestant, it was clearly erroneous and should not have been given. If not, it was amply covered by the instruction given by the court of its own motion.

A more serious question, however, is presented by the refusal of the court to give an instruction that there was a presumption of law that Ida M. Isaacs was not guilty of crime or wrong. This instruction was proposed in the following form:

''The law presumes that a person is innocent of crime or wrong and this presumption of law prevails in civil as well as in criminal cases, and the jury must find in accordance with this presumption, unless it be controverted and overcome by other evidence.

''Innocence is always presumed and this presumption cannot be overcome except by satisfactory proof to the contrary.

''So in this case, the presumption of law is that Ida M. Isaacs is innocent of crime or wrong and this presumption cannot be overcome except by satisfactory proof to the contrary.''

[7] The presumption of innocence is applicable in civil as well as criminal cases (Code Civ. Proc., sec. 1963, subd. 1; *Hunter* v. *Hunter,* 111 Cal. 261, 267 [52 Am. St. Rep.

180, 31 L. R. A. 411, 43 Pac. 756]; *Cooper* v. *Spring Valley Water Co.*, 16 Cal. App. 23, 24 [116 Pac. 298]; *Wilkinson* v. *Standard Acc. Ins. Co.*, 180 Cal. 252 [180 Pac. 607]). It is contended that the instruction was not pertinent to the issues in the case for the reason that there was no claim that the will was forged. The evidence of the expert witness called by the respondent was to the effect that the portion of the will claimed not to be in the handwriting of the decedent was in the handwriting of the legatee and devisee, Ida M. Isaacs. It is suggested that this, however, does not involve any crime or wrong because if the will was signed by the decedent it made no difference who wrote the will so far as the question of forgery is concerned. The fact, however, is that Ida M. Issacs by permitting the will to be proposed and probated and by permitting her attorney to represent to the court by her pleadings and by her opposition to the contest that the will was entirely in the handwriting of the decedent is endeavoring to establish the fact that this portion of the will alleged to have been written by her was in fact written by the testator. If, as a matter of fact, the will was actually written by her, she is attempting to perpetrate a fraud upon the heirs of the deceased by proposing and seeking the benefit of a will which she herself wrote. If, in fact, she did so at the direction of the testator and was not guilty of forgery in originally writing the will, it is clear that she is guilty of wrong in attempting to uphold the document as the will of the decedent. [8] Whether or not the crime of forgery has been committed by her is a matter which we need not determine upon this appeal, for the reason that it is clear that the presumption of innocence applies to the situation thus presented by the record.

We will proceed to consider whether the failure to give the instruction requested was erroneous. The jury were instructed with reference to the burden of proof and presumption of law in favor of the validity of the will as follows: ''If you find from the evidence that the purported will in question was admitted to probate before the filing of the Petition to Revoke the Probate of said 'purported' Will then all presumptions are in favor of the validity of said 'purported' Will and the presumption of law is that said 'purported' Will is entirely in the hand-

writing of John N. Nelson, Deceased." **[9]** This latter instruction, given at the request of the appellants, erroneously states that the admission of the will to probate created a presumption in favor of the validity of the purported will. It is true that the burden of proof is upon the contestant but the rule is the same both before and after probate (*Estate of Latour,* 140 Cal. 414 [73 Pac. 1070, 74 Pac. 441]; *Tracy* v. *Muir,* 151 Cal. 363, 368 [121 Am. St. Rep. 117, 90 Pac. 832]). This instruction that *"all* presumptions are in favor of the validity of said purported will" and that "the presumption of law is that said purported will *is entirely in the handwriting* of John N. Nelson, Deceased," seems to be more favorable to the appellants than the requested instruction that it was presumed that the will was *not written by Ida M. Isaacs.* (Italics ours.) **[10]** However that may be, the refusal of the instruction was justified upon an entirely different ground, that is, that the requested instruction was itself erroneous in its statement of the measure of proof necessary to overcome the presumption of innocence.

The proposed instruction requires the presumption of innocence to be overcome to the "satisfaction" of the jury. **[11]** The presumption of innocence in a civil case is overcome by the preponderance of the evidence. In *Boa* v. *San Francisco-Oakland T. Rys.,* 182 Cal. 93 [187 Pac. 2], it was held that the court might very properly have refused an instruction which stated that the burden of proving contributory negligence was on the defendant and that it "must be established by the defendant *to your satisfaction by a preponderance of the evidence,* and if in your minds the evidence is evenly balanced, the defense fails in that particular." (Italics ours.) In that case we said: "In this case the trial court could have very properly refused to give the instruction in question, and such a ruling would have been commendable, but, having given the instruction, this court is not required to determine whether the language employed, when considered in connection with the other instructions given, was such as would probably mislead the jury to the prejudice of appellant."

In the case at bar the requested instruction did not state that the presumption of innocence must be overcome "to the jury's satisfaction *by a preponderance of the evidence,"*

but that it must be overcome to their satisfaction. (Italics ours.) We must therefore hold that there was no error in refusing this instruction even though a correct instruction as to the presumption of innocence was proper in this case. (*Boa* v. *San Francisco-Oakland T. Rys.*, 182 Cal. 93 [187 Pac. 2].)

Judgment affirmed.

Lennon, J., Lawlor, J., Waste, J., Kerrigan, J., Seawell, J., and Myers, J., concurred.