In the Matter of the Estate of HARRY A. BARMEIER, Deceased.

Surrogate's Court, Queens County, September 16, 1935.

*Charles W. Froessel*, for the petitioner.

*Duncan & Bruchhausen*, for the Brooklyn Trust Company and others.

*Royal A. Curtis*, special guardian for Harry A. Barmeier, Jr.

*William A. Robinson*, special guardian for Lorraine Anthony and others.

HETHERINGTON, S. On March 6, 1929, the testator, Harry A. Barmeier, duly executed his will, naming as executor and trustee thereof the Mechanics Bank of Brooklyn. A month prior thereto, on February 9, 1929, the said Mechanics Bank of Brooklyn merged with the Brooklyn Trust Company, respondent in this proceeding.

Testator died on June 2, 1932, of injuries sustained in a collision between an automobile and an electric railway car at Niagara Falls, Ontario, Canada.

Respondent procured leave to open a safe deposit box held by testator, found therein the will and, stating that it was the successor by merger of the named executor, offered the will for probate and took a decree granting letters to it, the Brooklyn Trust Company. This done, it commenced suit in the Ontario court to recover damages for the wrongful death of testator, naming as defendants the petitioner and others. Issue joined, the cause came on for trial when this petitioner commenced this proceeding, procuring a stay on the respondent pending its determination, which stay the Ontario court recognized and deferred the trial of the damage action. Petitioner's application is based on alleged lack of jurisdiction in the surrogate to entertain the probate petition filed by respondent; that a false suggestion of fact was set forth in such petition and that the decree admitting the will and granting letters testamentary is void, his contention being that because the merger of the Mechanics Bank with the Brooklyn Trust Company occurred prior to the naming of the former as executor and trustee by testator, it did not exist when so named, hence the respondent could not and did not acquire the right to such letters testamentary.

Petitioner is met primarily with the objection that he is not a party interested in the estate of testator and cannot be heard so to object. He claims that he is, for the reason that he is a creditor by reason of certain costs already awarded him in the damage action and for the further reason that he may have a future claim for costs should he successfully defend that action, and in any event that he, being called upon to respond in damage to the next of kin, has the right to be assured that the plaintiff (this respondent) in such action is duly authorized to prosecute it which he claims it is not by virtue of the void appointment as hereinbefore set forth.

This preliminary objection need not cause much anxiety. Petitioner is not, nor under the circumstances can he be, a creditor of the estate. Assuming that he already is entitled to some intermediate costs and may by successful defense be awarded further costs in the damage action, such costs are a charge against the plaintiff in that action, not a claim against the estate. The damages therein sought are no part of testator's estate but by express provision of law belong to the next of kin, if and when recovered to be distributed without regard to testamentary provisions but in accord with the statute. However, petitioner is interested in the outcome of the damage action. He has the right to defend it by all available means, one of which is that he may question the authority of the plaintiff

therein. This he does; he says such plaintiff never was properly appointed executor and to establish this claim he must come to the source of the appointment, namely, the probate proceeding. No other person can or will do this for him and to refuse to hear him thereabout would be to deny him justice; hence I conclude that he is a proper party, sufficiently interested to so commence the proceeding. He urges as a further right to intervene that he might be called upon twice to respond should this executor prevail, collect the damages, fail to account, be removed because of void appointment and another representative be designated. This is unsound. The statute fully protects any person dealing with a representative acting under such color of authority. I prefer to consider him an interested person for the reason previously indicated.

With regard to the status of the respondent, we must find it in a correct definition of the word " merger." If it be that " to merge " is to obliterate one entity by its juncture with another, then the respondent must be removed, but if " to merge " means the combining of the qualities and properties of two or more in one, then the respondent is rightly appointed. The courts of our own and other jurisdictions have wrestled with this problem and I have read, pondered upon and discussed their decisions with my able legal assistant until argument, suggestion and discussion were exhausted, yet, with all respect to the learned and lengthy opinions thus considered, I am at a loss to find a satisfactory conclusion to this instant case by adhering to them in all their phases.

The Standard Dictionary defines " merge " thus: " To sink the identity or individuality of; cause to disappear; be combined, or be swallowed up: with *in* or *into*. To lose identity or individuality: be lost to view or absorbed into something else; with *in* or *into*."

In the Century Dictionary, " merge " is defined as follows: " To sink or disappear in something else; be swallowed up; lose identity or individuality: with *in*. To cause to be absorbed or engrossed; sink the identity or individuality of; make to disappear in something else."

Nowhere is an extinction suggested but clearly a joining together, an addition, a combining of the qualities of one with another; not a death but rather a marriage.

In February, 1929, the Mechanics Bank merged with the Brooklyn Trust Company, this respondent; it did not dissolve itself, it did not surrender its charter. They joined forces, combining all that each had under the name of one. It may be added that either name could have been chosen, and had the name Mechanics Bank been the choice rather than Brooklyn Trust Company, how then could it be held that there was an extinction?

All rights, privileges, interests and assets then existing in the Mechanics Bank were combined with the Brooklyn Trust Company and one of such rights was that it might be appointed and act as executor and trustee. This right, to be appointed, not the actual appointment, was a privilege then existing under its charter and went with all other rights to the new combination under the merger.

It was clearly testator's intention to name a corporate representative; in so doing it is to be assumed that he had knowledge of the fact that a merger, a combination, of the corporation so named was possible and that with such knowledge he acted as he did. Further, it may well be that he had no notice of the change of status since but a month elapsed between such merger and the execution of the will.

The briefs submitted allude to the possible loss of remedy to the next of kin by virtue of the running of a statute of limitations and on the other hand to some alternative remedy by way of workmen's compensation. No evidence of either is presented, nor need we be concerned thereabout, it is not pertinent. The sole question is whether or not respondent was properly appointed.

The objection is highly technical, urged only by the petitioner; he seems to have no ally, for his codefendants in the damage suit are not with him and the distributees are content. The appearance of the respondent in the damage action is merely that of a formal plaintiff representing the next of kin; the damages, if any, are the next of kin's, not the estate's; the estate as such is not interested and to disturb the situation now would at least in some measure prejudice the rights of the next of kin, whereas to leave it as it is will not harm the petitioner, for, as aforesaid, he is fully protected in dealing with the respondent as such formal representative of the next of kin in the damage action. I hold that the appointment was properly made and deny the application to vacate the decree. Submit decree on notice.