## IN RE SANTINI'S ESTATE
## BAROZZI ET AL. *v*. NATURALE ET AL.

No. 3074

January 13, 1936.                    53 P. (2d) 338.

*A. A. Hinman* and *Roland W. Wiley,* for Appellants:

*Harmon & Foley,* for Respondents:

## OPINION

By the Court, COLEMAN, J.:

This is an action to probate a lost holographic will. The proponents and the deceased were all natives of Italy. Two main questions are presented upon this appeal: (1) That contestants have no interest in the estate, and hence no right to contest the probate of

the will offered; and (2) that the findings are against the evidence.

The contestants are the mother of the deceased, a foster brother of deceased, and the administrator of his estate. There is no allegation of facts on the part of the contestants showing, or attempting to show that there is no one living who has a prior right to inherit the estate of the deceased than the contestants, or any of them.

Section 9615 N. C. L. provides who may appear and contest a will, and it limits such persons to those who are "interested."

Section 9859 N. C. L. enumerates the persons who shall inherit the estate of a deceased person dying intestate, and there is no allegation of fact, nor anything smacking of such allegation, to the effect that no one of a class entitled to inherit prior to the mother is not living. Such an allegation is necessary, and an allegation of a mere conclusion will not suffice. Naylor v. Mealey, 62 App. D. C. 321, 67 F. (2d) 693.

So far as appears, there may be a wife of the deceased, or others who have such prior right. This being true, the motion to strike such contest, and all objections to such attempt to contest the probate of the will, should have been sustained. 68 C. J. 902; 28 R. C. L. pp. 386–389. An administrator is not an interested person (68 C. J. p. 906), and a foster brother is not an heir under our statute.

We do not deem it necessary to pass upon the sufficiency of the evidence, but it presents a rather unusual situation. Contestants were tenants of the deceased from about September 1, 1931, to the time of his death, April 25, 1932 — a little over eight months—and it is their theory that during that short period deceased became so attached to them that he was anxious to leave everything he had to them. This is remarkable, in view of the fact that he had a mother living.

Contestants not being entitled to be heard under the allegations mentioned, it is ordered that the orders

appealed from be reversed, the lower court to permit amendments to the pleadings, on satisfactory showing; costs to abide final determination of this contest.