Louis A. Greenberg and Another, Appellants, v. Bank of The Manhattan Company, Respondent, and Others, Defendants.— In an action to recover the amount of certain checks alleged to have been paid by respondent upon forged indorsements, order denying plaintiffs' motion to strike out certain defenses contained in the respondent's amended answer modified so as to strike out the ninth separate defense, and, as so modified, affirmed, with ten dollars costs and disbursements to the appellants, with leave to the respondent to serve a new answer containing an amended ninth separate defense, if it be so advised, within ten days from the entry of the order hereon. In our opinion, the ninth defense is insufficient because it does not allege knowledge on the part of the plaintiffs that the checks in question were made payable to the order of a fictitious person or that they were intended to be so issued. (Neg. Inst. Law, § 28; *Shipman* v. *Bank 'S. N. Y.*, 126 N. Y. 318.) Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

In the Matter of the Probate of the Last Will and Testament of Harry A. Barmeier, Deceased, and the Application of Thomas J. Reese to Revoke Letters Testamentary and Trusteeship Issued Therein to Brooklyn Trust Company, and to Vacate, Set Aside and Declare a Nullity the Decree Awarding Same. Thomas J. Reese, Appellant-Respondent; Brooklyn Trust Company, as Executor and Trustee, etc., of Harry A. Barmeier, Deceased, Rosalind F. Barmeier, and Vilma Anthony, Individually and as Testamentary Guardian of the Person and Property of Harry G. Barmeier, an Infant, Respondents-Appellants; Royal A. Curtis, as Special Guardian of Harry G. Barmeier, an Infant, and William A. Robinson, as Special Guardian of Lorraine Anthony, Katherine Kirst, William James Kirst and Robert E. Barmeier, Infants, Respondents.— In a proceeding in the Surrogate's Court of Queens county, brought to revoke letters testamentary, decree modified by striking therefrom the first ordering paragraph, marked (a), and as so modified unanimously affirmed, with costs, payable out of the estate, to all parties appearing and filing briefs, except appellant Reese. In our opinion, the Surrogate's Court of Queens county had jurisdiction to grant letters testamentary upon this estate. Its decree, granting such letters, was, therefore, not void, although the appointment of the respondent Brooklyn Trust Company was mistakenly made. At most, the decree was merely voidable and such letters might, in the discretion of the Surrogate's Court, be revoked upon the application of a party aggrieved. We are of the opinion, however, that such discretion should not be exercised in favor of the appellant Reese, since he is not a party interested in the estate, nor a creditor thereof, nor is he aggrieved, because he will be amply protected by any judgment entered in the action in the Canadian court. Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ. [156 Misc. 657.]