[Civ. No. 12167.   First Dist., Div. One.   Nov. 6, 1942.]

Estate of CATHERINE FLOOD, Deceased.   EDWARD J. McEVOY et al., Appellants, v. KATHERINE MURPHY, Respondent.

Albert Picard for Appellants.

Boynton & Boynton and Chas. C. Boynton for Respondent.

WARD, J.—This is an appeal from an order dismissing the petition of appellants to revoke the probate of the will of Catherine Flood, deceased, the petitioners being grandchildren of James Flood, the previously deceased spouse of Catherine.

The estate of Catherine Flood was inherited from her

daughter Mary Frances Flood. It consists almost entirely of two parcels of real property in the city and county of San Francisco originally transferred to Catherine Flood by her husband James Flood in 1912 shortly before his death, by gift deed. In 1925, Mrs. Flood, also by gift deed, conveyed the two parcels of property to their daughter, Mary Frances Flood, and the mother and daughter continued to reside on one parcel up to the time of the death of the daughter in 1940. The daughter left her entire estate, consisting principally of the above two pieces of real property, to her mother. She executed three wills, in each of which she declared that her mother had given her all of said property; that it was her mother's and must be returned to her. Mrs. Flood died in 1941, leaving her estate, acquired as above stated from her daughter, to her niece Katherine Murphy, and appellants seek to revoke the probate of her will.

' ▮ The question involved on the appeal is whether sections 228 and 229 of the Probate Code, providing that if the decedent left no issue, and the estate or any portion thereof was separate property of a previously deceased spouse, or was the community property of the decedent and a previously deceased spouse, such property goes in equal shares to the children of the previously deceased spouse and to their descendants by right of representation, are applicable to this situation, at least to the extent of conferring upon such children or descendants such an interest in the estate of Catherine Flood as entitles them to contest the probate of her will.

In the matter of succession, the law in effect at the death of decedent controls. At the time of Mrs. Flood's death, both sections included gifts made by a predeceased husband, if otherwise subject to the provisions of either section 228 or 229, "which should be construed together." (*Estate of Rattray*, 13 Cal.2d 702 [91 P.2d 1042].) The appellants are the sole heirs of decedent's predeceased husband, whether the property was separate or community. The usual complex problem of tracing ancestral property is not involved on this appeal. The sole question presented is whether appellants under the facts as stated are entitled to contest the will.

*Estate of Putnam*, 219 Cal. 608 [28 P.2d 27], is controlling on this appeal. In that case the widow of Timothy Halstead married J. F. Putnam, and with the proceeds from a sale of property inherited from her first husband she purchased stock, the certificates for which were taken in the

joint names of herself and her second husband. Approximately two years later Mr. and Mrs. Putnam endorsed the certificates and new certificates were issued in the name of Mrs. Putnam, who subsequently died intestate. The probate court distributed the stock to her surviving husband and to certain of her relatives. The daughter of the predeceased husband appealed from the decree of distribution. It was held that the purpose of section 229, Probate Code, was, in the absence of testamentary disposition, to restore property coming under its provisions to the source whence it came, but that ''the section never sought to limit the right of the wife to dispose of it by will or conveyance'' and that Mrs. Putnam ''had effectively removed the property from the status it had formerly held.'' Such rule must be applied to the facts of the present case. In other words, if the deed from Mrs. Flood to her daughter ''effectively'' changed the status of the property, her subsequent title as devisee of her daughter did not restore the former status or character thereof. In the Putnam case the right to follow property in a changed form is recognized (*Estate of Brady,* 171 Cal. 1 [151 P. 275]), but not after it has been clothed with a complete ''new title.'' (*Estate of Putnam, supra,* p. 612.) In the present case, Mrs. Flood obtained a new title.

■ The right to contest a will is limited to persons interested in the estate, a question of law. (Prob. Code, §§ 370, 380; *Estate of Nelson,* 191 Cal. 280 [216 P. 368].)

To succeed, appellants must present convincing arguments that the conclusion reached in the Estate of Putnam is incorrect as applied to the present appeal. In this, they have failed.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 31, 1942.