[Civ. No. 2884. Fourth Dist. May 28, 1943.]

Estate of ELLA M. WEBSTER, Deceased. DORA W. Mc-CRILLIS et al., Appellants, v. YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF SAN DIEGO, CALIFORNIA (a Corporation) et al., Respondents.

2

Arthur F. H. Wright, C. M. Monroe and Monroe & McInnis for Appellants.

Carl Alex Johnson, Gray, Cary, Ames & Driscoll and John M. Cranston for Respondents.

MARKS, J.—This is an appeal from a judgment admitting to probate the will of Ella M. Webster, deceased, which was dated February 29, 1932, and portions of a will dated March 28, 1934, as a codicil to the earlier will.

The case has been here before. (*Estate of Webster*, 43 Cal. App.2d 6 [110 P.2d 81, 111 P.2d 355].) The main facts of the case and the undue influence exerted on Mrs. Webster by James L. Crane and Annette M. Crane in connection with certain provisions of the will of March 28, 1934, are there detailed and need not be repeated here. The judgment then before the court for review was affirmed except in two particulars. A portion of the judgment admitting to probate the will of February 29, 1932, and appointing an executor was reversed.

The cause was sent back for partial retrial with the following instructions: ". . . with directions to the trial court to present to the jury the sole questions: (1) Was the provision of the will dated March 28, 1934, 'revoking any and all other wills and codicils heretofore made and/or executed by me' made under undue influence? (2) Was the provision of the will dated March 28, 1934, nominating James L. Crane executor made under undue influence? If these questions are answered in the affirmative the court may then be authorized to admit the first will to probate, appoint the executors named and deny probate to those additional portions of the will of March 28, 1934, found to be made under undue influence. If answered in the negative, the court should then make an appropriate order and judgment in accordance with the combined findings of the jury."

The reversal was made necessary because the trial court had failed to submit to the jury the two questions propounded in the foregoing quotation.

After the reversal of the judgment, and before the second trial, James L. Crane, named executor in the second will, died.

Dora W. McCrillis was a niece of Ella M. Webster. Before the second trial she was permitted to file her answer to the contest of the Young Women's Christian Association and thus was made a party appearing at the second trial.

The second trial was had before a jury to which was submitted the two questions we have quoted. They were both answered in the affirmative. The will of February 29, 1932, was admitted to probate with the portions of the will of

4

March 28, 1934, which had been found to have been executed free from undue influence, and Evan H. Curtiss was appointed executor.

Appellants urge three grounds for reversal of the judgment now before us for review. They are: (1) That the trial court erred in refusing to permit Mrs. Crane to appear and participate in the second trial as a party; (2) That the trial court erred in submitting to the jury the question of whether or not the paragraph of the will of March 28, 1934, appointing James L. Crane executor, was made under undue influence; (3) That there is not sufficient evidence to support the finding of the jury that the revocatory clause in the will of March 28, 1934, was executed under undue influence and that consequently the portion of the judgment admitting the will of February 29, 1932, to probate and appointing one of the executors named in it was error.

Annette M. Crane and James L. Crane were husband and wife. In the will of March 28, 1934, Mrs. Webster left the residue of the estate to James L. Crane. A codicil to this will dated January 2, 1935, changed this bequest and left the residue to James L. Crane and Annette M. Crane. At the first trial the jury found that the residuary clause in the will and the codicil were both made under undue influence and the judgment denied their probate. This portion of the judgment was affirmed on appeal and has long since become final. Mrs. Crane was not an heir at law of Mrs. Webster and her only hope of participating in the estate was under the codicil. When that document was adjudged void she ceased to be a party interested in the estate as she could receive no part of it either as an heir at law or under any testamentary disposition.

It is thoroughly settled in California that a contestant must be an interested party in order to appear in court and contest a will. (*Estate of Land,* 166 Cal. 538 [137 P. 246]; *Lobb* v. *Brown,* 208 Cal. 476 [281 P. 1010]; *Estate of Moore,* 65 Cal.App 29 [223 P. 73].) It is also the rule that where, during a contest, it develops that the contestant is no longer an interested party the contest should be dismissed. (*In re Garcelon,* 104 Cal. 570 [38 P. 414, 43 Am.St.Rep. 134, 32 L.R.A. 595].)

Under these authorities there was no error in refusing to permit Mrs. Crane to appear as a party at the second trial.

The judgment refusing probate to the codicil of January 2, 1935, had become final. Thereafter she ceased to be an interested party and had no further interest in the proceedings.

It is urged on behalf of appellants that the contest of the Young Women's Christian Association should have been dismissed because at this stage of the proceedings it had developed that it could not take under either will and that it was not a party in interest that could maintain a contest of the will of March 28, 1934. (*In re Garcelon, supra.*) This argument is more ingenious than logical, especially as far as Mrs. Crane is concerned. As she cannot take any part of the estate under any circumstances she cannot be injured. Further, it is difficult to see how Dora W. McCrillis could have been prejudiced by the ruling as she was permitted to fully present her case and Mrs. Crane was permitted to testify as a witness.

Further, it is not made to appear that this association may not take some part of the personal property belonging to the deceased. The will of February 29, 1932, which has been admitted to probate, left certain described real property, and one-half of all stocks, bonds and other investment securities belonging to deceased to this association. This will contained no general residuary clause.

The will of March 28, 1934, contained a general residuary clause in favor of James L. Crane. It has been adjudged that this clause was executed under undue influence and is inoperative so there is no general residuary clause in the portions of that will admitted to probate as a codicil to the earlier will. This later will did not name the Young Women's Christian Association as a beneficiary and left the real property formerly bequeathed to that association to another beneficiary. It left $2,000 to Mrs. Hannah P. Davidson, $5.00 to each of any heirs at law who might prove relationship, $5.00 to any of the legatees named in it who might institute a contest and created a trust in any bequest made in that will which might lapse. We are pointed to no bequest that might come under this last clause. In the former opinion in this matter (43 Cal.App.2d 6] it was stated that the personal property of the deceased exceeded $20,000 in value, so specific bequests of personal property made in the 1934 will would not exhaust the personal property, part of which would seem to consist of stocks, bonds and other such securities, so, in-

6

stead of indicating that the Young Women's Christian Association cannot receive any portion of the estate under the documents admitted to probate, the contrary seems probable. Therefore, as far as the record now shows, the Young Women's Christian Association is a party interested in the estate and a proper contestant.

■ James L. Crane died after the decision of the former appeal and before the second trial. It is urged that it was error to submit to the jury the question, "Was the provision of the will dated March 28, 1934, nominating James L. Crane executor made under undue influence?", as that question had become moot because of his death. If we assume the soundness of this argument we cannot see how any prejudice to any party could have resulted from the procedure followed. We cannot reverse a judgment because of harmless error. (Sec. 4½, art. VI, Const.)

■ It is now argued that there was no evidence presented showing that undue influence was used upon Mrs. Webster to induce her to execute the revocatory clause of the will of March 28, 1934.

This same general argument was made to this court on the former appeal. In commenting on the sufficiency of the evidence then before the court as it affected the revocatory clause, this court, speaking through Mr. Justice Griffin, said:

"It is with reluctance that we have reached the conclusion that we are required by law to reverse portions of the judgment, because they are so obviously correct in fact. They are strongly supported by the presumptions as well as the testimony of disinterested witnesses. The residuary clause of the 1934 will making Crane the residuary beneficiary is so closely related to the clause revoking the 1932 will and the clause appointing Crane executor of the 1934 will that it does not seem possible that any jury would find the first clause void because of undue influence and the other two clauses valid because made voluntarily and free from undue influence or that a trial judge would let any such inconsistent verdict stand should one be returned. However, we have been unable to discover any lawful ground upon which the judgment can be affirmed as it now stands."

It is now urged that the foregoing was dicta at the time it was written and is not now binding on this appeal. While

this may be true we now adopt this portion of the former opinion as the settled conclusion of this court after a review of the record now before us. The evidence of several of the witnesses who testified at the first trial was read at length to the jury at the second trial. The evidence of the witnesses testifying at the second trial did not differ materially from that given at the first trial on the question of undue influence. It is amply sufficient to support the finding that both Mr. and Mrs. Crane exercised undue influence on Mrs. Webster in getting her to incorporate into the will of March 28, 1934, and the codicil of January 2, 1935, all the provisions under which they hoped to benefit.

Mr. Crane occupied the confidential relationship of guardian of Mrs. Webster at the time of the execution of the will of March 28, 1934, and the codicil of January 2, 1935. The inference of undue influence arises where a person occupies a confidential relationship to the testatrix and unduly profits from the provisions of the will. (*Estate of Presho*, 196 Cal. 639 [238 P. 944]; *Estate of Shay*, 196 Cal. 355 [237 P. 1079].) It is argued that this inference cannot now be invoked in connection with the revocatory clause of the will because under the portion of the former judgment, which was affirmed on the first appeal, all clauses of the will of March 28, 1934, under which either Mr. or Mrs. Crane could take, as well as the codicil of January 2, 1935, which purported to give Mrs. Crane one-half of the residue of the estate, were held inoperative because of undue influence; that because the revocatory clause was the only matter properly at issue in the second trial there could be no inference of undue influence drawn from the confidential relationship because neither Mr. or Mrs. Crane could unduly profit from it or under it.

It is established that, "Proof to establish undue influence must be had of a pressure which overpowered the mind and bore down the volition of the testator *at the very time the will was made*. (*Estate of Carithers*, 156 Cal. 422 [105 P. 127].)" (*Estate of Velladao*, 31 Cal.App.2d 355 [88 P.2d 187].) So the reasons for, and the effects of the undue influence must be measured as of the time of the execution of the testamentary instrument and the result cannot be influenced by what occurred at some later time. The same influence that overpowered the mind of Mrs. Webster, and bore

down her volition, resulted in the insertion of the residuary clause in favor of Crane and the revocatory clause in the will. The residuary clause left Crane all the estate not specifically bequeathed. This consisted largely of personal property. The revocatory clause revoked the prior will which had specifically bequeathed part of this personal property to others, so, at that time, the effect of the undue influence was to enrich unduly Crane by revoking a will containing specific bequests, so that the residue he would take under the residuary clause would be materially increased. Thus the proof brings the case well within the rule announced in *Estate of Presho, supra,* and *Estate of Shay, supra,* to the effect that the inference of undue influence arises where one occupying a confidential relationship to the testatrix is unduly enriched.

This inference drawn by the jury furnishes evidentiary support to the judgment.

The judgment is affirmed.

Barnard, P. J., concurred.

Mr. Justice Griffin, deeming himself disqualified, does not participate herein.