[Civ. No. 13544.   First Dist., Div. Two.   Dec. 10, 1947.]

Estate of VIOLA C. CARR, Deceased.   ELIZABETH CARR SULLIVAN, Appellant, v. CARMEL MARTIN et al., Respondents.

Mahaney, McDonald & Isenberg and Chester E. Ross for Appellant.

Hudson, Martin, Ferrante & Street for Respondents.

GOODELL, J.—This is an appeal from an order which admitted to probate as the last will and testament of Viola C. Carr, a document dated January 16, 1935 with a codicil dated September 18, 1937, and which denied probate to a document purporting to be her will dated January 16, 1935 with two codicils, one dated June 18, the other June 19, 1935. The order appointed Judge H. G. Jorgensen executor.

Mrs. Carr died in Monterey on August 4, 1943, at the age of 90 years. She was a widow and had no children. Her heirs at law are two nieces, Adeline W. Kennedy and Alice Kennedy Shallberg, and a nephew, Phillip Sheridan Kennedy.

At the hearing both wills were before the court on petitions for probate after due notice had been given as to both. The one admitted named Carmel Martin and his family as residuary legatees and devisees; the one rejected named Elizabeth Carr Sullivan, a sister-in-law of decedent, as residuary legatee and devisee.

Several years before the hearing a contest of the Martin will had been filed by the three heirs at law and it had not been dismissed. The attorneys who now appear for appellant are also the attorneys for the contestants of the Martin will.

When the hearing opened counsel for appellant asked "for a jury trial on the question as to which is the later will." The court ruled that the request was too late and proceeded to take testimony respecting decedent's handwriting and testamentary capacity, from which a prima facie case was made out that both wills and all three codicils were entirely written, dated and signed by Mrs. Carr, and that she was of sound mind at all the times in question. The court then ordered that the Martin will be admitted to probate and that the Sullivan will be rejected.

The question now presented, as stated by appellant is, "Where a will contest with request for jury trial is instituted

before probate and before trial thereof a second and conflicting instrument is offered for probate, should the court consolidate the conflicting petitions and will contest into a jury trial?"

█ The court was confronted with two distinct problems. The Sullivan will was not contested. The question whether it was later than the Martin will was for the court to decide. "There is no right to demand a jury trial in a probate proceeding unless that right is granted by statute . . ." (*Estate of Van Deusen*, 30 Cal.2d 285, 291 [182 P.2d 565]). Section 371, Probate Code, prescribes the issues triable by jury and that question is not among them. See, also, *Estate of Gregory*, 133 Cal. 131, 136 [65 P. 315]. The difficulty was that until the contest of the Martin will was disposed of there was no way of telling which was the last will and testament.

█ The contest of the Martin will was at issue and had been set for trial for April 23, 1945, but apparently had been dropped from the calendar. The ground of contest was undue influence, clearly triable by jury (Prob. Code, § 371). No jury was in attendance at the hearing in question for it had been noticed simply as for the probate of both wills.

*Estate of Mollenkopf*, 164 Cal. 576, 578 [129 P. 997], holds that a written opposition to a will is a bar to its admission to probate until disposed of in the manner provided by law. In *Estate of Black*, 199 Cal. 257, 262 [248 P. 1015], the court said:

"We are satisfied that upon proceedings for the probate of a will involving both a contest of the will and a petition for probate the court is not at liberty, upon the preliminary and formal showing of due execution, to finally determine upon its merits, any of the issues raised by the contest but is limited to a determination of whether or not a *prima facie* case has been established in favor of the validity of the will, sufficient to warrant the submission of the case to a jury." In *Estate of Cook*, 205 Cal. 581, 589 [271 P. 1083], it is said: "As a valid contest was on file at the time the petition for the probate of the will came on for hearing, the probate court was in error in hearing and thereafter granting said petition without first disposing of, in the manner provided by law, the contest then on file." In *Murray* v. *Superior Court*, 207 Cal. 381, 385 [278 P. 1033], the court says, "It has been held that upon the institution of the contest before probate the offer to prove the will is arrested, and

the probate thereof cannot be decreed until the contest is determined. (*Estate of Gregory,* 133 Cal. 131 [65 P. 315]; 26 Cal.Jur., p. 1078.)''

It must be concluded that the court erred in admitting the Martin will to probate at a time when the contest remained undisposed of.

Respondents, however, claim that appellant is not a party aggrieved by this order, and point out that ''The only persons entitled to have the contest tried are Adeline Kennedy and Alice Kennedy Shallberg, and they have not appealed.''

■ This appellant was decidedly aggrieved by the order, for one of its consequences was to deny probate to the will which named her as residuary legatee and devisee. Had she not appealed the order would have become final and she would have been foreclosed for all time. Treating her as a beneficiary under an earlier will she was an interested party (*Estate of Plaut,* 27 Cal.2d 424, 428 [164 P.2d 765, 162 A.L.R. 837] and cases cited), and the fact that she was not named as a contestant of the Martin will would make no difference for if that will were upset it would be invalid ''as to every one interested therein, regardless of whether they actively participated in the contest'' which contest would inure ''to the benefit of persons who did not join therein as contestants . . .'' (*Voyce* v. *Superior Court,* 20 Cal.2d 479, 483 [127 P.2d 536]). In *Estate of Plaut,* 27 Cal.2d 424, 425, 426, *supra,* it is said that ''an interested person is one who has 'such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside' (*Estate of Land,* 166 Cal. 538 [137 P. 246]; see 26 Cal.Jur. 1081).'' If the Martin will were set aside the will under which appellant would take would be the only will before the court.

While the court did not err in holding that appellant was not entitled to a jury trial on the probate of the will she offered, it did err in admitting the Martin will to probate, and appellant was aggrieved by that order.

Other points raised by appellant need not be discussed in view of our conclusion on the principal point.

■ Respondents contend that the appeal was not taken in time. The minute order of January 14, 1947 directed ''Counsel to prepare and file the order within 10 days.'' On February 25, 1947, the formal order was signed by the judge and filed. Notice of appeal was filed on April 23,

784

1947, which was 57 days after the formal order and 99 days after the minute order. Respondents would start the 60-day period running from the minute order, but rule 2(b) of the Rules on Appeal, found at 22 Cal.2d 1, provides that in such cases as this "the date of entry shall be the date of filing of the signed order." Accordingly the appeal was taken within the 60 days.

The order is reversed.

Nourse, P. J., concurred.

Dooling, J., having heard and denied a motion to dismiss the contest herein while sitting in the superior court, refrains from participating in this decision.

A petition for a rehearing was denied January 9, 1948.