[Civ. No. 17123. Second Dist., Div. Three. Mar. 2, 1950.]

Estate of CHARLES BILY, Deceased. GENE G. CURRY, Respondent, v. MAX SOBEL et al., Appellants.

Metz & Metz and Bent & Clapp for Appellants.

Mark L. Herron for Respondent.

VALLÉE, J.—Appeal from an order admitting a foreign will to probate and directing that letters of administration with the will annexed shall issue.

Charles Bily died testate October 1, 1937, in Florida, a resident and domiciled therein. On the date of his death he had no property in California. On that date he was the owner of a contract between himself and Max Sobel and Fannie Sobel. Fannie Sobel became a resident of California in 1945. Max Sobel became a resident of California in February, 1946.

The petition for probate of the will alleged that the property

of the estate in California consists of a cause of action against the Sobels for about $8,000 with interest, based upon a contract in writing executed July 5, 1924. The Sobels filed objections to the admission of the will to probate upon the ground that the probate court did not have jurisdiction by reason of the fact that the deceased did not have any property in California on the date of his death. The court overruled the objections, made findings of fact and conclusions of law, and ordered that the will be admitted to probate and that letters of administration with the will annexed issue. The Sobels appeal.

Respondent contends that the appeal should be dismissed for the reason that neither appellant is a person interested and therefore not entitled to oppose the petition for admission of the will to probate or to appeal. The point is well taken.

Probate Code, section 370, providing for contests of wills before probate, says that ''Any person interested may contest the will.'' Probate Code, section 442, providing for contests of petitions for letters of administration, says that ''Any person interested may contest the petition.'' One who opposes the probate of a will must be a person interested *in the estate*. (*Estate of Flood*, 55 Cal.App.2d 410, 412 [130 P.2d 811]; *Estate of Webster*, 59 Cal.App.2d 1, 4 [137 P.2d 751].) Whether appellants are persons interested, is a question of law. (*Estate of Hampton*, 55 Cal.App.2d 543, 548 [131 P.2d 565].) One who seeks to oppose the probate of a will has such rights, and only such rights, as the statute gives him. (*Estate of Anthony*, 127 Cal.App. 186, 190 [15 P.2d 531].) Where it appears that the contestant is not a person interested, the contest should be dismissed. (*Estate of Webster*, 59 Cal.App.2d 1, 4 [137 P.2d 751].) For the purpose of this proceeding, appellants must be treated as persons who are, or who may become, liable to the estate. We understand they so concede.

If it is made ''to appear that a person has such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside, he is a person interested.'' (*Estate of Land*, 166 Cal. 538, 543 [137 P. 246].) ''Any person interested'' means any person ''having a direct pecuniary interest affected by the probate of the will.'' (*Selden* v. *Illinois Trust & Savings Bank*, 239 Ill. 67 [87 N.E. 860, 862, 130 Am.St.Rep. 180], quoted with approval in *Estate of Land*, *supra*.) The phrase means a person having such a ''pecuniary interest in the devolution of the testator's estate as would

be impaired or defeated by the probate of the will, or be benefited by setting aside the will.'' (*Bloor* v. *Platt,* 78 Ohio St. 46 [84 N.E. 604, 605, 14 Am.St.Rep. 332], quoted with approval in *Estate of Land, supra.*) The interest must be one in the estate that may be impaired or defeated by the will assailed. (*Estate of Plaut,* 27 Cal.2d 424, 425 [164 P.2d 765, 162 A.L.R. 837]; *Estate of Anthony,* 127 Cal.App. 186, 189 [15 P.2d 531]; *Estate of Carr,* 82 Cal.App.2d 780, 783 [187 P.2d 912]; cf., *Marculescu* v. *City Planning Com.,* 7 Cal. App.2d 371, 374 [46 P.2d 308].)

Respondent does not cite any California authority, nor have we found any, on the precise point presented: whether one who is, or who may become, liable to the estate of a deceased person, is a person interested. A number of other jurisdictions have statutes identical with, or similar to, ours. In those jurisdictions it is held that a debtor of the estate is not a person interested. (*In re Stone,* 173 Iowa 371 [155 N.W. 812, 813]; *Finnerty* v. *Shade,* 210 Iowa 1338 [228 N.W. 886, 888]; *In re Hardy,* 35 Minn. 193 [28 N.W. 219]; *Yazoo & M. V. R. Co.* v. *Jeffries,* 99 Miss. 534 [55 So. 354]; *Missouri Pac. R. Co.* v. *Bradley,* 51 Neb. 596 [71 N.W. 283, 285]; *In re Barmeier's Estate,* 248 App.Div. 636 [288 N.Y.S. 318], aff. 272 N.Y. 601 [5 N.E.2d 351]; *In re Walsh's Estate,* 131 N.J.Eq. 376 [25 A.2d 424]; *In re Mayo's Estate,* 60 S.C. 401 [38 S.E. 634, 635, 54 L.R.A. 660]; *In re Upton's Estate,* 199 Wash. 447 [92 P.2d 210, 213, 123 A.L.R. 1220]; *Woodward* v. *Spear,* 10 Vt. 420, 423; *In re Hart's Estate,* 105 Misc. 290 [172 N.Y.S. 807, 808]; *In re Santini's Estate,* 56 Nev. 350 [53 P.2d 338]; *Conner* v. *Brown,* 9 W. W. Harr. (39 Del.) 529 [3 A.2d 64, 74]; 68 C.J. § 631, p. 902; 57 Am.Jur. § 798, p. 541.)

Appellant relies on *Jeffersonville Railroad Co.* v. *Swayne's Administrator,* 26 Ind. 477. The case is not in point for the reason that it does not appear that at the time of the decision there was a statute in Indiana restricting the persons who were authorized to contest the grant of letters of administration to any person interested in the devolution of the estate.

The phrase ''any person interested'' includes only persons who, either absolutely or contingently, are entitled to share in the estate. ■ Appellants are not entitled to share in the estate. They do not have any pecuniary interest in the devolution of the estate as may be defeated or impaired by the probate of the will. They are not in any way interested in

preserving the assets, or in the settlement of the estate. They have no right to oppose the probate of the will or the grant of letters of administration with the will annexed, or to appeal from the order with respect thereto.

Appeal dismissed.

Shinn, P. J., and Wood, J., concurred.