[Civ. No. 20730. Second Dist., Div. Two. May 9, 1955.]

Estate of LOWELL WEBSTER LYONS, Deceased. LAWRENCE J. HALL, as Administrator, etc., Respondent, v. LOWELL LYONS, Appellant.

Elon G. Galusha for Appellant.

Betts, Ely & Loomis and James A. Williams for Respondent.

FOX, J.—This is an appeal by Lowell Lyons from an order of the probate court appointing Lawrence J. Hall administrator of the estate of Lowell Webster Lyons.

Decedent, father of appellant, passed away on December 10, 1953. He was a resident of Los Angeles County and left an estate therein. On June 3, 1954, respondent filed a petition for letters of administration in the matter of the estate of Lowell Webster Lyons. Hearing was set for June 23d. On that date appellant appeared in person and by counsel. He sought a continuance of the hearing on the petition. His motion was granted and the hearing was continued to July 7, 1954. On that date appellant was personally present with his attorney. Further continuance was requested but the motion was denied since no legal ground was shown, and appellant had failed to file a petition on his own behalf for letters of administration of the estate, and indicated he did not intend to file such petition.[1]

---

[1]The following colloquy took place between the court and counsel for appellant:

"THE COURT: Why have they not filed?

"MR. GALUSHA: Up to the present time there is about $500.00 in the estate and we thought we would save the costs.

"THE COURT: Don't you intend to file?

"MR. GALUSHA: We didn't think it was a proper thing to do . . .

"THE COURT: In other words, there is about $500.00 in the estate, but you don't think you should probate it and thereby permit the funeral expenses to be paid.

"MR. GALUSHA: I am not trying to get out of that, but I want an itemized list of the expenses. There is a bill of $800.00, which has been reduced by our payment of $135.00.

"THE COURT: It is your intention to pay it?

"MR. GALUSHA: I want to find out what the bill is and then we can determine what we can do.

"MR. WILLIAMS (Attorney for Petitioner): They have refused to pay it and refuse to administer the estate which will amount to over $3,000.00.

"THE COURT: (to Mr. Galusha): . . . What standing do you have? You have filed no papers and you have indicated to the Court that you don't intend to . . ."

In the brief hearing that followed appellant did not challenge either the qualifications or competency of respondent to act as administrator of the estate. His sole objection was based on the argument that respondent was not a creditor because his claim for funeral expenses did not arise until "after the man died." As the trial court observed, respondent's status as a creditor was not material in the circumstances of this case.

Respondent pointed out that "we recognize the fact that the heirs have the first right, and if they care to file a petition and administer the estate, naturally they have priority." (Prob. Code, § 422.) From the failure of appellant to file a petition to probate the estate for nearly seven months after decedent's death, and the failure to file such petition even after a two weeks' continuance had been granted, and from what had been said in open court, the trial judge drew the inference that appellant did not intend to probate the estate nor did he wish it probated. Such an inference is amply supported.

The court thereupon granted respondent's petition. This he was authorized to do, for respondent was a "person legally competent" to serve in such capacity. (Prob. Code, § 422 (10).) Furthermore, no one having a priority for such appointment had filed any petition therefor. (Prob. Code, § 427; *Hinkel* v. *Crowson*, 188 Cal. 378, 382 [206 P. 58]; *Estate of Keane*, 56 Cal. 407, 410.)

Appellant asserts that "no assets to be administered were set forth in the petition for appointment as required by law." Such is contrary to the record. The verified petition stated:

"Said decedent at the time of his death was a resident of the County of Los Angeles, State of California, and left estate in the County of Los Angeles, State of California, consisting of personal property of the total estimated value of approximately $3,000.00." This is a sufficient statement of the character and estimated value of the property of the estate as required by Probate Code, section 440(3).[2] A description of the property is not required. "Its character sufficiently appears by a statement that it is realty or personalty." (20 Cal.Jur.2d 230, § 154.) Furthermore, the last paragraph of section 440 provides that "No defect of form

---

[2]The pertinent portion of the section reads: "A petition for letters of administration . . . must state: . . . (3) The character and estimated value of the property of the estate."

or in the statement of jurisdictional facts actually existing shall make void an order appointing an administrator . . ." It is thus clear that respondent's petition adequately set forth that there were assets in the estate to be administered. In fact, appellant admitted during the course of the hearing that there was an estate of at least $500, and that there was an unpaid bill for decedent's funeral expenses. These facts showed that there was an estate which needed to be administered.

One other matter requires brief notice. Decedent's sister, Mabel Alice Lyons, passed away on November 27, 1953, leaving an estate in Los Angeles County. By an holographic will she left all her property to her brother, the decedent herein. He died two weeks later and prior to the probate of her will. Appellant herein is the administrator of her estate with the will annexed. In this capacity he seeks to appeal from the order appointing respondent administrator of his father's estate. It is of course recognized that individually, as an heir, appellant is interested in the estate herein, and therefore has the right to appeal. However, as a representative of his aunt's estate he is not interested in his father's estate. Her estate does not claim to be getting anything from the estate herein. One must be a "person interested" in the estate in order to oppose a petition for letters of administration. Such a person includes only those who, either absolutely or contingently, are entitled to share in the estate. (Prob. Code, § 442; *Estate of Bily*, 96 Cal.App.2d 333, 334-335 [215 P.2d 78, 15 A.L.R.2d 861].) Since appellant, as the personal representative of Miss Lyons' estate, is not interested in the estate herein, his appeal in such representative capacity must be dismissed. (*Estate of Webster*, 59 Cal.App.2d 1, 4 [137 P.2d 751].) The appeal of Lowell Lyons as administrator of the estate of Mabel Alice Lyons, with will annexed, is dismissed.

The order appointing Lawrence J. Hall administrator of the estate of Lowell Webster Lyons, deceased, is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 6, 1955.